No. 87-282

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

STATE MEDICAL OXYGEN & SUPPLY,
INC., a Montana corp.,

        Plaintiff and Appellant,

   -vs-

AMERICAN MEDICAL OXYGEN CO., a
Montana corp., J.C. LYNDES, GARY
GOMEZ, RONALD WRIGHT, JAMES LINK,
LYLE FATZ and ANNA TOPE,

        Defendants and Respondents.

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Keller & German; Robert S. Keller argued, Kalispell,
Montana

    For Respondent:

        Moses Law Firm; Michael Moses argued, Billings, Montana
Philip McGimpsey argued, Billings, Montana

---

          Submitted: February 11, 1988

           Decided: March 1, 1988

Filed: **MAR 1 - 1988**

*Ethel M. Harrison*

---
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Plaintiff, State Medical Oxygen & Supply, Inc. (State Med.) appeals from an order of the Eighth Judicial District, Cascade County, granting summary judgment in favor of defendants, American Medical Oxygen Co. (American Med.). State Med. brought this action to recover damages from its ex-employee, James Link, and the directors of American Med. for the alleged breach of an employment contract pursuant to § 1877(b) of the Social Security Act, 42 U.S.C. § 1395(nn). Summary judgment for American Med. was granted on the grounds that a Federal Social Securities Act violation does not give rise to a private civil cause of action.

While we affirm the summary judgment granted on the grounds that a Federal Social Securities Act violation does not give rise to a private civil cause of action in this case we reverse and remand for reasons set forth in this opinion.

Affirmed in part, reversed in part and remanded with instructions.

The main issue presented for our review upon appeal is whether the District Court erred in granting summary judgment in favor of the defendants. Subissues raised by the parties are as follows:

1. Does an alleged violation of § 1877(b) of the Social Security Act, 42 U.S.C. § 1395(nn) give rise to a private cause of action under § 27-1-202, MCA?

2. Did the court err in deciding the motion for summary judgment prior to receiving the depositions of three material witnesses?

3. Were the restrictive covenants contained in the employment agreement between the defendant, James Link, and

plaintiff sufficient to give rise to a claim upon which relief could be granted, or were they void as against public policy, and unenforceable as a matter of law?

Plaintiff (State Med.) and defendant (American Med.) are Montana corporations engaged in the business of supplying oxygen and allied health care to patients in their homes and in hospitals. Defendants Lyndes, Gomez and Wright were the sole directors and stockholders of American Med. Defendants Link, Fatz and Tope were employees of State Med. until August 9, 1985, when they became employees of American Med. Defendants Fatz and Tope were dismissed as parties prior to the filing of this appeal.

State Med.'s principal place of business is Kalispell, but it had offices in Missoula, Billings, Butte, Great Falls, Bozeman and Havre. To deliver supplies to patients, a route driver based out of one of the company's branch offices, delivers the product along a prescribed route of customers. Typically, within the industry, customers follow the route driver and buy services from the company for which the driver works.

Link, Fatz and Tope were unhappy with their jobs with State Med. Link contacted American Med. about quitting his job with State Med. and starting employment with American Med. On August 9, 1985, the three State Med. employees quit their jobs and immediately began work for American Med. When Link left State Med.'s employ and went to work for American Med., he memorized his customer route. He offered his customers an opportunity to switch to American Med. and most of his regular patients switched from State to American Med. as their health care provider. Prior to that time, American Med. did not have an office in Great Falls, with few patients in that area.

The testimony showed that the American Med. directors met with Link, Tope and Fatz prior to their job switch to plan the opening of an American Med. office in Great Falls. Fatz and Link, the State Med. route drivers, estimated the necessary equipment which would be needed by American Med. in Great Falls to open an office which could accommodate their State Med. patients' needs, assuming the patients would transfer their health care to American Med.

On Friday morning, August 9, 1985, at 8:00 a.m., Link and Fatz quit their jobs with State Med. Tope had given prior notice of her intent to quit. All three immediately went to work for American Med. at American Med.'s newly opened Great Falls office. Link testified that although he had just begun working for American Med., on August 9, 1985, he followed by memory the same patient route as he had driven while employed by State Med. On his first day on the job for American Med., he asked his former patients whether they wanted to go with American Med. as their health care provider. He took along forms for them to sign. Link testified that he also had an advertisement placed in the local paper requesting that former patients of his (and the other former State Med. employees) contact them at the new, American Med. office. A large number of State Med.'s former patients switched to American Med. as their health care provider as a result of this employee job switch.

To determine if summary judgment was properly granted, we will first discuss appellant's contention that respondents violated § 27-1-202, MCA, by violating § 1877(b) of the Social Security Act.

Section 27-1-202, MCA, states that "[e]very person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money, which is called damages." Section 1877(b)

- 4 -

of the Social Security Act, 42 U.S.C. § 1395(nn) states in relevant part:

> (b)(1) Whoever <u>knowingly</u> and <u>willfully</u> <u>solicits</u> <u>or</u> <u>receives</u> <u>any</u> <u>remuneration</u> (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind--
>
> > (A) <u>In</u> <u>return</u> <u>for</u> <u>referring</u> <u>an</u> <u>individual</u> <u>to</u> <u>a</u> <u>person</u> <u>for</u> <u>the</u> <u>furnishing</u> <u>or</u> <u>arranging</u> <u>for</u> <u>the</u> <u>furnishing</u> <u>of</u> <u>any</u> <u>item</u> <u>or</u> <u>service</u> <u>for</u> <u>which</u> <u>payment</u> <u>may</u> <u>be</u> <u>made</u> <u>in</u> <u>whole</u> <u>or</u> <u>in</u> <u>part</u> <u>under</u> <u>this</u> <u>title</u>,
>
> > . . . shall be guilty of a felony . . .
>
> (2) Whoever <u>knowingly</u> <u>and</u> <u>willfully</u> <u>offers</u> <u>or</u> <u>pays</u> <u>any</u> <u>remuneration</u> (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind <u>to</u> <u>any</u> <u>person</u> <u>to</u> <u>induce</u> <u>such</u> <u>person</u>--
>
> > (A) <u>to</u> <u>refer</u> <u>an</u> <u>individual</u> <u>to</u> <u>a</u> <u>person</u> <u>for</u> <u>the</u> <u>furnishings</u> <u>or</u> <u>arranging</u> <u>for</u> <u>the</u> <u>furnishing</u> <u>of</u> <u>any</u> <u>item</u> <u>or</u> <u>service</u> <u>for</u> <u>which</u> <u>payment</u> <u>may</u> <u>be</u> <u>made</u> <u>in</u> <u>whole</u> <u>or</u> <u>in</u> <u>part</u> <u>under</u> <u>this</u> <u>subchapter</u>,
>
> > . . . shall be guilty of a felony . . .
>
> (3) Paragraphs (1) and (2) shall not apply to--
>
> > (A) . . .
>
> > (B) any amount paid by an employer to an employee (who has a bona fide employment relationship with such employer) for employment in the provision of covered items or services. (Emphasis added.)

Appellant contends that when a route driver in this business asks a competitor for a job, he is impliedly offering patients to that competitor, and when a competitor offers a job to a route driver, he is offering to buy patients. Further, appellant asserts that the offer of the

- 5 -

job is the "remuneration" found in the Social Security Act. See U.S. v. Greber (3d Cir. 1985), 760 F.2d 68, 71-72.

Since a large number of the Great Falls area State Med. customers are Medicare and/or Medicaid patients, appellant claims that this business practice falls within the Social Security statute. Appellant then extends its argument, stating that a civil complaint for damages can be based on an alleged violation of a criminal section in the federal Social Security statutes, citing Conway v. Monidah Trust Co. (1913), 47 Mont. 269, 132 P. 26.

In summary, appellant claims that it is not asserting a federal claim, but a claim under § 27-1-202, MCA, and that a breach of a federal statute comes within the context of the Montana statute.

We cannot agree with this argument.

The Social Security Act, 42 U.S.C. § 1395(nn), was enacted for the benefit of recipients of medical care benefits, not for the benefit of a health care provider. See Home Health Care Services, Inc. v. Currie (D. S.C. 1982), 531 F.Supp. 476. Further, a private cause of action is not available to appellant through an alleged violation of a federal statute unless certain criteria are met:

> First, is the plaintiff "one of the class for whose especial benefit the statute was enacted," . . . that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? . . . Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? . . . And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

Cort v. Ash (1975), 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26, 36. We conclude that the plaintiff is not of the class for whom this act was enacted and therefore hold that, as to the issue of a violation of the Social Security Act giving rise to a private cause of action pursuant to § 27-1-202, MCA, summary judgment was properly granted in favor of respondents.

We now turn to the issue of whether the District Court erred in granting American Med.'s motion for summary judgment prior to receiving the depositions of three material witnesses.

The depositions of Link, Fatz and Tope were taken either on the morning of, or the morning before the hearing for summary judgment on the issue addressed above. At that point, the depositions had not been transcribed for the court's review. Counsel for appellant State Med. agreed at that hearing that he did not need <u>more</u> discovery, but did not waive the introduction and consideration of those depositions as relevant to the issue of summary judgment.

As to the issue of the applicability of the federal statute, the depositions were not relevant. However, they are relevant in consideration of a claim of tortious interference. Upon reviewing the transcript of this hearing, we note the following conversation between counsel for appellant and the court.

> THE COURT: You are maintaining your action--civil action on that statute alone? [Federal statute]
>
> MR. KELLER: No, but I don't want to be done with that.
>
> THE COURT: I know that. What was your other basis?
>
> MR. KELLER: We think there is a tortious interference rationale in the interference with the

contractual relationship that these employees have with State Medical. We think there is a breach of a covenant of good faith and fair dealing of existing employment relationship that was by the employees that made their plans over a period of time with the defendant corporation and its officers--

THE COURT: Even if he were successful in that interpretation of the statute, you still wouldn't be out, you'd still have that action based on the covenant of good faith and fair dealing.

MR. KELLER: That we clearly have.

MR. MOSES: Not against the corporation or the directors.

MR. KELLER: There would be the tortious interference.

MR. MOSES: Tortious interference has not been pled or alleged against the corporation or the three directors.

THE COURT: It's alleged against these employees?

MR. KELLER: As against the employees we have alleged a breach of the federal statute, and we have alleged a breach of covenant of good faith and fair dealing.

As against the corporation and its directors, we have alleged solely a breach of the federal statute.

Although counsel for appellants makes this comment, an examination of the complaint shows that appellants did plead the elements of tortious interference against all of the defendants. Furthermore, the record shows disputed issues of material fact which may prove tortious interference by the corporation, American Med. and its directors.

This court agreeing with the Restatement (Second) of Torts § 767 defined the tort of intentional interference in

Bolz v. Myers (1982), 200 Mont. 286, 651 P.2d 606.  The court said that the factors to be considered are:

> . . . (a) the nature of the actor's conduct; (b) the actor's motive; (c) the interests of the other with which the actor's conduct interferes; (d) the interest sought to be advanced by the actor; (e) the social interests in protecting the freedom of action of the actor and the contractual interest of the other; (f) the proximity or remoteness of the actor's conduct to the interference; and (g) the relations between the parties.

> . . .

> In order to establish a prima facie case of interference with contractual or business relations, it must be shown that the acts (1) were intentional and willful, (2) were calculated to cause damage to the plaintiff in his or her business, (3) were done with the unlawful purpose of causing damage or loss, without right or justifiable cause on the part of the actor, and (4) that the actual damages and loss resulted. (Citation omitted.)

Bolz, 651 P.2d at 610-611.

Montana Rules of Civil Procedure provide for liberal interpretation of pleadings.  Rule 8, M.R.Civ.P.:

> Rule 8(a).  Claims for relief.  A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

> Rule 8(e).  Pleading to be concise and direct--consistency.  (1)  Each averment of a pleading shall be simple, concise and direct.  No technical forms of pleadings or motion are required.

> Rule 8(f).  Construction of pleadings.  All pleadings shall be so construed as to do substantial justice.

- 9 -

As we said in Morse v. Espeland (Mont. 1985), 696 P.2d 428, 430, 42 St.Rep. 251, 253:

> Montana no longer requires strict compliance with terms of art and legal phraseology when pleading a cause of action. The archaic rules of code pleading have been replaced by our new rules of civil procedure, which place the spirit of the law above strict compliance with the letter of the law.. . .
>
> . . .
>
> Assuming appellant's position to be true, which for purposes of reviewing this summary judgment we must, we then proceed to determine whether an action at law is cognizable. We find the essence of a claim has been pleaded though not artfully described.

Morse, 696 P.2d at 430. See also, Fode v. Farmers Ins. Exchange (Mont. 1986), 719 P.2d 414, 416, 43 St.Rep. 814, 816-817.

Rule 15(a) and 15(b) of the Montana Rules of Civil Procedure also require liberality in the allowance of amended pleadings "when justice so requires."

We hold that the court should have considered the depositions of the three material witnesses before granting summary judgment on all issues. We reverse with leave to appellant to amend or supplement its pleadings.

The last issue raised by defendant Link which pertains to the restrictive covenant contained in Link's employment contract with State Med. has not been ruled upon by the District Court and need not be addressed by this Court at this time.

Affirmed in part, reversed in part and remanded for further proceedings in accordance with this opinion.

_____<br>Justice

We Concur:

_____
Chief Justice

John Conway Harrison

_____

L. C. Gulbrandson

John C. Sheehy

R. C. McDonough
_____
Justices