No. 92-249

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE MEDICAL OXYGEN AND SUPPLY,
INC., a Montana corporation,

Plaintiff and Appellant,

v.

AMERICAN MEDICAL OXYGEN CO., a
Montana corporation; J. C. LYNDES,
GARY GOMEZ, and RONALD WRIGHT,

Defendants and Respondents.

FILED

DEC 17 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Second Judicial District,
               In and for the County of Silver Bow,
               The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Brian L. Delaney and P. Mars Scott, Mulroney,
            Delaney & Scott, Missoula, Montana

        For Respondent:

            Michael G. Moses, Moses Law Firm, Billings, Montana

            Philip P. McGimpsey, Billings, Montana

                        Submitted on Briefs:  October 22, 1992

                                  Decided:  December 17, 1992

Filed:

_____
                    Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

State Medical Oxygen and Supply, Inc. (State Medical), appeals an order granting partial dismissal and partial summary judgment in favor of American Medical Oxygen Co. (American Medical). The order was entered in the Second Judicial District, Silver Bow County. We reverse and remand.

The issues raised by the parties to this appeal are:

1. Was the order entered in the Eighth Judicial District, Cascade County, binding upon the parties in subsequent judicial proceedings in the Second Judicial District, based upon res judicata and collateral estoppel?

2. Does 42 USC § 1395a expressly or impliedly bar a claim under state law for tortious interference with a business relationship?

As the parties to this litigation have been before this Court on two prior occasions, repetition of all underlying facts is unnecessary. A full recitation of the facts can be found in State Medical Oxygen and Supply, Inc. v. American Medical Oxygen Co. (1988), 230 Mont. 456, 750 P.2d 1085 (State Med I), and State Medical Oxygen and Supply, Inc. v. American Medical Oxygen Co. (1989), 240 Mont. 70, 782 P.2d 1272. However, because of the arduous nature of this lawsuit, an outline of certain facts and procedure is necessary in order to follow the events leading to this appeal.

At its inception, this lawsuit involved complaints filed in five different counties by State Medical against American Medical,

2

certain employees of American Medical, and the directors of American Medical. Because of the similarities in the five lawsuits, the parties agreed to choose one venue to serve as the "lead case." The Eighth Judicial District, Cascade County, was chosen for this purpose.

In its initial complaints, State Medical alleged, inter alia, that violation of § 1877(b) of the Social Security Act, 42 USC § 1395nn, gave rise to a private cause of action under Montana law. State Med I, 750 P.2d at 1086. In affirming summary judgment as to this issue, we held State Medical was not of the class the federal statute was designed to benefit and did not meet the criteria necessary to pursue a private cause of action arising from an alleged violation of the statute. State Med I, 750 P.2d at 1087-88.

On the other hand, we held the depositions of three material witnesses were relevant to a claim of tortious interference with a business relationship and should have been considered before summary judgment was granted as to all issues. State Med I, 750 P.2d at 1089. We reversed this part of the District Court's order and granted State Medical leave to amend or supplement its pleadings as to the claim of tortious interference. State Med I, 750 P.2d at 1089. This reversal and remand set the stage for round three of this litigation bout.

After our decision in State Med I, State Medical filed amended complaints directly pleading tortious interference with a business relationship. The amended complaints were filed in all venues where an action was pending. After the amended complaints were filed, State Medical's counsel was appointed a District Judge in Lincoln County. New counsel was substituted to represent State Medical. The parties continued to actively litigate, with Cascade County continuing to serve as the "lead case."

In February 1990, American Medical filed a motion to dismiss and motion for summary judgment to limit damages and discovery. In early March 1990, the District Court granted American Medical's motion. The order did not contain any analysis as to why the District Court granted this motion. Apparently, the District Court adopted the argument outlined in American Medical's brief. American Medical's position was that the Medicare/Medicaid customers were free to choose any qualified oxygen supplier. Therefore, American Medical argued, State Medical was barred from a private cause of action as to this class of customers regardless of whether American Medical obtained these customers via a tortious act. State Medical did not appeal or seek certification of this order.

For reasons that are not entirely clear, the parties agreed to transfer venue to the Second Judicial District, Silver Bow County. Silver Bow County was now considered the "lead case" and the

parties began making preparations for trial. In all likelihood, the outcome of a trial in Silver Bow County would be controlling in the other four pending actions. In October 1991, American Medical filed a motion to dismiss and motion for summary judgment to limit damages and discovery based upon estoppel and res judicata. American Medical argued that the Silver Bow County District Court should adopt the holding of the District Court in Cascade County based upon the principles of res judicata, judicial estoppel, and collateral estoppel. Alternatively, American Medical argued the District Court should grant the motion because federal law barred a cause of action under state law as to the Medicare/Medicaid customers.

After a hearing on November 14, 1991, the District Court determined that good cause existed to grant American Medical's motions for summary judgment and to limit damages and discovery as to the Medicare/Medicaid customers. The District Court certified its order pursuant to Rule 54(b), M.R.Civ.P. This appeal followed.

I.

Was the order entered in the Eighth Judicial District, Cascade County, a final order and as such binding upon the parties and courts in subsequent judicial proceedings based upon res judicata and collateral estoppel?

The majority of American Medical's brief attempts to persuade this Court that the order for dismissal and summary judgment entered in the District Court for the Eighth Judicial District was

5

a final judgment on the merits. As a result, American Medical argues, because State Medical did not appeal that order, it became final and binding upon the parties and courts of concurrent jurisdiction based upon res judicata and collateral estoppel. We do not agree. American Medical's conclusion is based upon a faulty premise and therefore is incorrect as a matter of law.

Res judicata reflects the ideal that a lawsuit should provide justice for an aggrieved party as well as a final resolution of the controversy. Brault v. Smith (1984), 209 Mont. 21, 25, 679 P.2d 236, 238. Its underlying purpose is to prevent a party from litigating a matter more than once. Brault, 679 P.2d at 238. In order for a plea of res judicata to operate as a bar and prevent the same parties from relitigating the same cause of action:

1) the parties or their privies must be the same;
2) the subject matter of the action must be the same;
3) the issues must be the same and relate to the same subject matter; and
4) the capacities of the persons must be the same in reference to the subject matter and to the issues between them.

Audit Services, Inc. v. Anderson (1984), 211 Mont. 323, 327, 684 P.2d 491, 493.

However, in order for the operative criteria to apply, there must be "a final judgment on the merits by a court of competent jurisdiction . . . ." S-W Company v. John Wight, Inc. (1978), 179 Mont. 392, 407, 587 P.2d 348, 356. A final judgment on the merits

6

. . . is a finality as to the claim or demand in controversy, concluding [sic] parties and those in privity with them, not only <u>as to every matter</u> which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

<u>S-W Company</u>, 587 P.2d at 356 (emphasis added).

The order of dismissal and summary judgment entered by the Cascade County District Court, as to the Medicare/Medicaid customers, was not a final judgment on the merits. It was a partial order. There was no right to immediate appeal absent a determination by the District Court that there was no just reason for delay and a final judgment was entered and certified for appeal. In Re the Marriage of Adams (1979), 183 Mont. 26, 28, 598 P.2d 197, 198. The order adjudicated "less than all the claims or the rights and liabilities of less than all the parties" and was "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Rule 54(b), M.R.Civ.P. Therefore, in a strict sense, and applicable to the case at bar, res judicata does not apply to the decision of a motion. See August v. Burns (1927), 79 Mont. 198, 215, 255 P. 737, 742.

Likewise, the doctrine of collateral estoppel is inapplicable. Like res judicata, in order for collateral estoppel to apply, a final judgment on the merits is required. Smith v. Schweigert (1990), 241 Mont. 54, 58, 785 P.2d 195, 197. As the order of

7

partial dismissal and partial summary judgment was not a final judgment on the merits, an extended discussion is unnecessary. Suffice it to say, we hold collateral estoppel has no application to the instant case.

## II.

Does 42 USC § 1395a expressly or impliedly bar a claim under state law for tortious interference with a business relationship?

We next turn our attention to whether 42 USC § 1395a bars State Medical from a private cause of action under state law for damages relating to the loss of Medicare/Medicaid customers. American Medical argues that because the Medicare/Medicaid customers are free to choose a qualified provider, 42 USC § 1395a operates to insulate it from damages regardless of whether it tortiously interfered with the business relationship between State Medical and these customers. Therefore, American Medical claims, as a matter of law the District Court in Silver Bow County was correct in its order for partial dismissal and partial summary judgment that 42 USC § 1395a bars State Medical from seeking damages as to these customers. We disagree and reverse and remand.

42 USC § 1395a in its entirety reads:

> Any individual entitled to health benefits under this subchapter may obtain health services from any institution, agency, or person qualified to participate under this subchapter if such institution, agency or person undertakes to provide him such service.

42 USC § 1395a.

At first glance, the statute does not lead one to believe Congress intended to bar a cause of action under state law simply because those entitled to benefits have the right to choose from whom they want health services. It is well settled that state laws are presumed valid against preemption challenges unless Congress clearly intended they be preempted by federal law. Mountain States Telephone v. Commissioner of Labor (1979), 187 Mont. 22, 41, 608 P.2d 1047, 1057. Cipollone v. Liggett Group, Inc. (1992), ___ U.S. __, 112 S.Ct. 2608, 2618, ____ L.Ed.2d ____. A state law can be preempted by federal law in one of three ways. K-W Industries v. National Surety Corporation (9th Cir. 1988), 855 F.2d 640, 642, n. 3. First, the federal law may expressly preempt state law; second, Congress may have intended the federal law occupy the entire legal field in the area; third, the state law may conflict with the federal law. K-W Industries, 855 F.2d at 642, n. 3.

Obviously, the first preemption factor is inapplicable. The plain language of 42 USC § 1395a contains no express prohibition against a claim under state law for tortious interference with a business relationship with Medicare/Medicaid customers. Effect must be given to the plain language of the statute "unless there is good reason to believe Congress intended the language to have some more restrictive meaning." Cipollone, 112 S.Ct. at 2620.

Furthermore, the second preemption criterion does not apply and American Medical does not argue that it should. By its

9

application to the facts presented here, state law espousing a cause of action for tortious interference with a business relationship as to Medicare/Medicaid customers does not operate to supplement the field of Social Security. Case law holds that the federal law must so thoroughly occupy the legislative field "as to make reasonable the inference that Congress left no room for the States to supplement it." Cipollone, 112 S.Ct. at 2617. We hold the law applicable to State Medical's cause of action does not operate to supplement the legislative field governing Medicare/Medicaid recipients' right to choose the provider of their choice.

Finally, we address whether our state law actually conflicts with the federal law. Where the federal statute is lacking in an express Congressional command, a state law will be preempted if it actually conflicts with the federal legislation. Pacific Gas & Electric Co. v. Energy Resources Conservation and Development Commission (1983), 461 U.S. 190, 204, 103 S.Ct. 1713, 1722, 75 L.Ed.2d 752, 765. However, because of the silence of Congress, we must determine whether there is an implicit prohibition against a cause of action under state law contained in the structure and purpose of the federal law. Cipollone, 112 S.Ct. at 2617.

As we construe American Medical's argument, it contends that one cannot "capture" the Medicare/Medicaid class of customers and that allowing a cause of action under state law as to this class of

10

customers frustrates the purpose of the federal law. We do not agree Congress intended this to be. American Medical points to nothing in the Social Security Act itself or its legislative history to support this proposition. Likewise, it offers us no guidance with applicable case law. Furthermore, our own research does not suggest any implied prohibition.

> Section 1802 (42 USC §1395a) provides that any individual entitled to benefits under Title XVIII may obtain health services from any institution, agency, or person which is qualified to participate under the title and which undertakes to provide services to him.

1965 U.S. Code Cong. & Admin. News 1943, 2098.

In brief, the purpose of the Social Security Act is to:

1. Provide a coordinated approach for health insurance and medical care for the aged under the Social Security Administration;

2. Expand services for maternal and child health;

3. Revise and improve benefit coverage; and

4. Improve and expand public assistance programs.

1965 U.S. Code Cong. & Admin. News 1943, 1943-44.

There is no conflict between our state law allowing legal action for tortious interference with a business relationship and the purpose of the Social Security Act and in particular 42 USC § 1395a. 42 USC § 1395a simply allows a recipient of Social Security benefits to choose the provider from which he wishes to obtain health services. It does not operate to bar a cause of action under state law between competing interests as to this class of

11

customers.  We hold there is no "reliable indicium of congressional intent" to supplant state law in this case.  <u>Cipollone</u>, 112 S.Ct 2619.  The judgment is reversed and remanded.

<br>

_____
　　　　　　　　Chief Justice

We concur:

_____

_____

_____

_____
　　　Justices

December 17, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Dexter L. Delaney & P. Mars Scott
Mulroney, Delaney & Scott
Ste. 100, 100 Ryman
P.O. Box 8228
Missoula, MT   59807

Michael G. Moses
Moses Law Firm
P.O. Box 2533
Billings, MT   59103-2533

Philip P. McGimpsey
Attorney at Law
P.O. Box 1050
Billings, MT  59103-1500

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
     Deputy