NO. 94-149

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE MEDICAL OXYGEN AND SUPPLY, INC.,
a Montana Corporation,

Plaintiff and Appellant,

-vs-

AMERICAN MEDICAL OXYGEN CO.,
a Montana Corporation, J.C. LYNDES,
GARY GOMEZ and RONALD WRIGHT,

Defendants and Respondents.

FILED

OCT 25 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Second Judicial District,
               In and for the County of Silver Bow,
               The Honorable James E. Purcell, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

          Brian L. Delaney: Mulroney, Delaney & Scott,
          Missoula, Montana


        For Respondents:

          Michael G. Moses: Moses Law Firm, Billings,
          Montana


                              Submitted on Briefs:  June 30, 1994

                                        Decided:   October 25, 1994

Filed:


_____
           Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

State Medical Oxygen and Supply Inc. (State Medical) appeals from orders of the Second Judicial District Court, Silver Bow County, granting summary judgment in favor of American Medical Oxygen Co. (American Medical) and denying its motion for reconsideration. We affirm.

This is the fourth time the parties have been before this Court. Both are Montana corporations involved in the business of providing oxygen and associated health care products to customers in their homes and in hospitals. In 1985, State Medical filed complaints in five Montana counties against American Medical and several of its employees and directors. Generally, those actions involved allegations that American Medical had violated § 1877(b) of the Social Security Act, 42 U.S.C. § 1395nn, by enticing State Medical route drivers to work for American Medical, resulting in route customers switching companies. Because the lawsuits were similar, the parties chose the action in Cascade County as the "lead case."

Summary judgment was granted in the lead case on the basis that a Social Security Act violation does not give rise to a private civil cause of action. On appeal, we affirmed on that issue, but remanded with instructions that the district court consider the depositions of former State Medical employees for the purpose of other issues, and allow State Medical to amend or supplement its pleadings to include a claim of tortious

interference with its business. State Med. Oxygen v. American Med. Oxygen Co. (1988), 230 Mont. 456, 463, 750 P.2d 1085, 1089 (State Med. I).

State Medical subsequently amended the complaints and the litigation continued. The district court in Cascade County again granted summary judgment to American Medical, on the basis that State Medical's nondisclosure agreement was unreasonable and unenforceable. We affirmed on appeal, concluding that the agreement was void as against public policy and unenforceable as a matter of law. State Med. Oxygen v. American Med. Oxygen Co. (1989), 240 Mont. 70, 75, 782 P.2d 1272, 1276 (State Med. II).

Following State Med. II, the parties agreed to transfer "lead" status to the case in Silver Bow County. In October 1991, American Medical filed motions to dismiss and for summary judgment in the Silver Bow County action based on an earlier Cascade County district court order not at issue in the previous appeals: the motions were granted and State Medical appealed. We reversed and remanded, concluding that the order of the district court in Cascade County was not a final judgment on the merits and that res judicata and collateral estoppel did not apply. We also concluded that 42 U.S.C. § 1395a, which allows an individual receiving Medicare/Medicaid benefits to obtain health services from any qualified agency or person, does not act as a bar to a state law claim of tortious interference with a business relationship. State Med. Oxygen v. American Med. Oxygen Co. (1992), 256 Mont. 38, 43-45, 844 P.2d 100, 104-105 (State Med. III).

3

On remand following State Med. III, the District Court scheduled trial for February, 1994. American Medical moved for summary judgment in August of 1993. Following oral argument on October 20, 1993, the District Court granted the motion in an order and memorandum dated December 1, 1993. The court subsequently denied State Medical's motion for **reconsideration.** State Medical appeals.

1. Did the District Court err in concluding that no genuine issue of material fact existed and that American Medical was entitled to summary judgment as a matter of law?

Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), **M.R.Civ.P.** We review an order granting summary judgment by utilizing the same criteria as the district court, determining whether a genuine issue of material fact exists and whether the moving party is entitled to summary judgment as a matter of law. Minnie v. City of Roundup **(1993),** 257 Mont. 429, 431, 849 **P.2d** 212, 214.

State Medical's action against American Medical is presented as tortious interference with its business relations with former employees and with former customers. An action for tortious interference with business relations entails four elements: that the defendant's acts: (1) are intentional and willful: **(2)** calculated to cause damage to the plaintiff's business; (3) done with the unlawful purpose of causing damage or loss, without right or justifiable cause on the part of the actor; and (4) result in

4

actual damages and loss.  State Med. I, 750 P.2d at 1088-1089.

If a defendant establishes the absence of a genuine issue of material fact as to one of the elements constituting the cause of action, and the plaintiff fails to come forward with proof showing the existence of a genuine issue as to that element, summary judgment in the defendant's favor is proper. See White v. Murdock (Mont. 1994), 877 P.2d 474, 477-78, 51 St.Rep. 547, 548. Disputed facts are material, therefore, if they involve the elements of the cause of action or defense at issue to an extent that necessitates resolution of the issue by a trier of fact.  See Bails v. Gar (1976), 171 Mont. 342, 346, 558 P.2d 458, 461.  Any inferences to be drawn from the factual record must be resolved in favor of the party opposing summary judgment.  Boylan v. Van Dyke (1991), 247 Mont. 259, 266, 806 P.2d 1024, 1028.  In this case, our review of the District Court's order granting summary judgment focuses on the third element of tortious interference with business relations; namely, the existence of a genuine issue of material fact regarding whether American Medical's acts were done without right or justifiable cause.

American Medical came forward with evidence to meet its burden of demonstrating that no genuine issue of material fact exists on this element regarding State Medical's customers or employees. Concerning the relationship between State Medical and its customers, American Medical's evidence indicated that State Medical supplied customers with oxygen and other medical supplies by running an ordinary route service, in a certain area, on a regular

5

basis. The business relationship between the customers and State Medical was noncontractual and each party was free to terminate the relationship without future obligation. Affidavits also indicate that, after beginning employment with American Medical, the drivers contacted their former State Medical customers from memory. The customers were not approached in any unusual way, but merely informed that the route driver had switched companies and asked if they wanted to purchase oxygen and supplies from the new provider. Some, but not all, of the customers made the change to American Medical with the route drivers.

Similarly, American Medical's evidence regarding State Medical's relationship with former employees established that State Medical route drivers first initiated contact with American Medical in 1983 and 1984. The drivers were working for State Medical without a contract; they were dissatisfied with their employment and looking for greater opportunity. In August and September, 1984, American Medical negotiated with, and ultimately hired, these route drivers who immediately began servicing customers on American Medical's behalf in the Butte area.

Whether American Medical's evidence demonstrates the absence of a genuine issue of material fact regarding whether it acted without right or justifiable cause can be determined by applying factors we have adopted from the Restatement (Second) of Torts § 767 (1965). State Med. I, 750 P.2d at 1088. Considering the facts, circumstances, and evidence presented in this case, two of those factors are particularly probative: first, the nature of the

6

relationship between State Medical and its former employees and customers: and second, the nature of American Medical's conduct.

American Medical's evidence establishes that the relationship between State Medical and its customers was informal, voluntary and noncontractual. The customers were free to terminate their relationship with State Medical at any time and find another provider for any reason or no reason at all.

Based on the record before us, State Medical's relationship with its employees also was noncontractual and without a specified term. Indeed, State Medical's relationship with the employees at issue here can be characterized as **"at will"** employment under § 39-2-503, MCA. **"At will"** generally refers to the employer's and the employee's ability to terminate the employment relationship for any reason or no reason. **Scott** v. Eagle Watch Investments, Inc. **(1991),** 251 Mont. 191, 195, 828 **P.2d** 1346, 1349.

Notwithstanding the voluntary nature of the relationships at issue here in determining whether American Medical acted without right or justifiable cause, however, a genuine issue of material fact could still exist regarding whether American Medical acted without right or justifiable cause based on the nature of American Medical's conduct. Indeed, that factor was important in the context of noncontractual business relationships in Daniels v. Dean **(1992),** 253 Mont. 465, 474, 833 **P.2d** 1078, 1084.

In Daniels, the defendant's acts in interfering with the plaintiff's relationships with his customers were of an egregious and outrageous nature. They included threatening and harassing

7

patrons, obstructing entrance to the business and interfering with customer parking spaces. Daniels, 833 P.2d at 1080-81.

By contrast, no evidence in the present case suggests that American Medical's acts in hiring State Medical's employees and soliciting its customers were in any way unusual, wrongful, or unjustified. We conclude, therefore, that American Medical met its burden on summary judgment with regard to establishing the absence of a genuine issue of material fact on the "without right or justifiable cause" element of State Medical's cause of action.

State Medical contends that the record establishes the existence of five broad issues of material fact. These alleged issues include: (1) whether American Medical had a firm employment agreement with State Medical's key employees prior to 1984; (2) whether American Medical first contacted State Medical's employees or the employees first contacted American Medical; (3) American Medical's intent; and (4) whether American Medical employees were using State Medical's proprietary information. The fifth alleged issue is merely an aggregation of the first four.

None of these alleged factual issues relate to the "without right or justifiable cause" element of State Medical's action for tortious interference with business relations. The first two "issues" relate to the nature of State Medical's relationship with its employees. Because that relationship was voluntary and noncontractual and none of the acts suggested by these "issues" was even inferentially tortious, these factual questions do not raise an issue of material fact regarding whether American Medical acted

8

without right or justifiable cause. Similarly, questions involving American Medical's intent relate to the first element of the cause of action, but do not raise a genuine issue of material fact with regard to the "without right or justifiable **cause"** element.

Finally, with regard to the fourth **"issue"** asserted by State Medical, no evidence of record suggests that the drivers involved in this Silver Bow County action used State Medical's written customer lists. Moreover, we conclude that the District Court did not abuse its discretion in refusing to consider affidavit evidence relating to the **Missoula** County action and the drivers at issue therein: even assuming the admissibility of that evidence in that action, the evidence is not relevant to the case presently before us.

We conclude that none of the disputed factual issues alleged by State Medical raises a genuine issue of material fact regarding whether American Medical acted without right or justifiable cause. No genuine issue of material fact exists on the record before us on this necessary element of State Medical's claim for tortious interference with business relations: we hold, therefore, that the District Court did not err in granting American Medical's motion for summary judgment.

2. Did the District Court err in denying State Medical's motion for reconsideration or relief from judgment?

State Medical moved for reconsideration of the District Court's summary judgment order pursuant to Rule 59(g) or, alternatively, for relief from that order pursuant to Rule 60(b),

M.R.Civ.P. Its Rule 59(g), M.R.Civ.P., argument--that the District Court erred in determining that no genuine issue of material fact existed--is addressed and resolved by our conclusion on the first issue.

Rule 60(b)(l)-(6), M.R.Civ.P., sets forth the reasons for which a court may relieve a party from a final judgment, order or proceeding. Rule 60(b)(2), M.R.Civ.P., provides for relief in the event of "newly discovered evidence" which could not have been discovered with due diligence. The District Court denied State Medical's Rule 60(b)(2) motion on the basis that the evidence presented was not **"newly** discovered."

The **"newly** discovered" evidence State Medical submitted to the District Court in support of its motion consisted of two sets of records. The first was American Medical's patient records, allegedly indicating that American Medical agreed to accept assignment of Medicare payments in violation of federal law. The second consisted of telephone records, allegedly showing that an American Medical employee was in Butte several times prior to the opening of American Medical's Butte office.

State Medical concedes this evidence was in its possession before the October 20, 1993, oral argument on American Medical's motion for summary judgment. Indeed, the record reflects that most, and perhaps all, of this evidence was available to State Medical in June of 1987. Consequently, the evidence in question cannot be characterized as newly discovered under Rule 60(b)(2), **M.R.Civ.P.** Moreover, in the context of litigation which has been

10

ongoing since 1985, State Medical's assertions that it had insufficient time to review the available records and, in any event, that it "thought" the records related to the issue of damages rather than liability, are less than compelling.

We agree with the District Court that State Medical had sufficient time to find, review, analyze and present the evidence it characterizes as "newly discovered" before and during the summary judgment process. The record reflects neither an effort by State Medical to bring the evidence to the court's attention nor a request for additional time prior to the resolution of the summary judgment motion.

Rule 56(f), M.R.Civ.P., provides the party opposing a summary judgment motion with a means of establishing, by affidavit, that it "cannot for reasons stated present by affidavit facts essential to justify the party's opposition. . . ." In this case, State Medical could have followed this procedure, requesting time to analyze the evidence in its possession insofar as that evidence might have been relevant to its opposition to American Medical's motion for summary judgment. It did not do so.

The evidence State Medical submitted in support of its Rule 60(b)(2) motion does not meet the "newly discovered" evidence standard set forth in Rule 60(b)(2), M.R.Civ.P. We conclude, therefore, that the District Court did not err in denying State Medical's motion for relief from judgment under Rule 60(b)(2), M.R.Civ.P.

Affirmed.

_____
                                    Justice

11

We concur:

_____
Chief Justice

_____

_____

_____
Justices

12