NO.  94-570

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

TRY-CITY LUMBER, INC.,
a Montana corporation,

         Plaintiff and Respondent,

     -vs-

NYLE S. ANDERSON, DARWIN HAMILTON,
MARY HAMILTON, MEADOW HILLS HOMEOWNERS
ASSOC., MELANIE VESTRE, DAVID KNOLL,
STANLEY W. PINE, and all other persons,
unknown, claiming, or who might claim,
any right, title, estate, or interest
in or lien or encumbrance upon the real
property described in the complaint adverse
to Plaintiffs' ownership or any cloud upon
Plaintiffs' title thereto, whether such
claim or possible claim be present or contingent,

         Defendants and Appellant.

FILED

MAY 11 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and for the County of Flathead,
                The Honorable Ted O. Lympus, Judge presiding.


COUNSEL OF RECORD:

         For Appellants:

              Patrick M. Springer, Attorney at Law,
              Kalispell, Montana


         For Respondent:

              Randall S. Ogle; Ogle & Worm, Kalispell,
              Montana


                              Submitted on Briefs:  April 6, 1995

                                   Decided: May 11, 1995

Filed:


_____
                          Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Darwin Hamilton appeals from the grant of summary judgment to Try-City Lumber, Inc. by the Eleventh Judicial District Court, Flathead County. We affirm and remand.

We address the following issues:

1. Did the District Court err in granting the motion of Try-City Lumber, Inc. for summary judgment?

2. Is Try-City Lumber, Inc. entitled to Rule 32, M.R.App.P., damages?

Try-City Lumber, Inc. (Try-City) filed an action to quiet title to Lot 45 of Meadow Hills, a residential subdivision located in Flathead County, Montana. Meadow Hills originally was developed by Darwin Hamilton (Hamilton), appellant herein. Although numerous defendants were named in the action, the underlying--and largely undisputed--facts of record primarily involve Try-City, Hamilton and Dean P. Conaway (Conaway). Taken in the light most favorable to Hamilton, the party opposing summary judgment, the facts of record are as follows.

Hamilton was an active real estate developer in Flathead County. When financial and legal difficulties arose, Hamilton became associated in business dealings with Conaway. Hamilton had been the owner of a number of residential lots in Meadow Hills, including Lot 45; Conaway became the successor owner of Lot 45.

During a construction project on another lot in Meadow Hills, Conaway failed to pay Try-City, which supplied him with building materials for the project. Try-City brought an action against

2

Conaway; Conaway was served, but did not respond or contest the **action.** Try-City obtained a default judgment against Conaway on January 24, 1992, in the amount of $13,283.96, plus interest. Notice of entry of judgment was duly filed thereafter. Pursuant to § 25-g-301 (2), MCA, Try-City's judgment attached as a judgment lien against all real property owned by Conaway. Conaway was the record owner of Lot 45 on January 24, 1992.

Try-City initiated proceedings in aid of execution of its judgment on April 13, 1992. A supplemental proceeding for the purpose of determining assets owned by Conaway occurred on April 21, **1992.** Hamilton was aware of Try-City's judgment against Conaway and attended the proceeding. Attorney Randall S. Ogle (Ogle) appeared on Try-City's behalf and inquired of Conaway regarding his assets; Conaway acknowledged both his ownership of Lot 45 and Try-City's judgment against him. Brent Hall (Hall), Try-City's general manager, also attended the supplemental proceeding.

Subsequent to the proceedings in aid of execution and on June 30, 1992, Conaway apparently executed a quitclaim deed to Lot 45 in Hamilton's favor. Ogle's law office prepared the realty transfer certificate for the purpose of recording the quitclaim deed from Conaway to Hamilton; Ogle did not notify Try-City of the existence of the quitclaim deed to Lot 45. Hamilton did not record the quitclaim deed until April 7, 1993.

Conaway filed a petition in bankruptcy on July 17, 1992. Try-City filed a proof of **claim** and **its claim** was classified as a

**3**

secured claim against Lot 45. The United States Bankruptcy Court ultimately released Conaway from all dischargeable debts; nothing of record indicates that any lien or claim against Lot 45 was released.

After the bankruptcy stay was lifted, Try-City proceeded to foreclose its judgment lien against Lot 45. The District Court issued a writ of execution on December 10, 1992, directing the Flathead County Sheriff to satisfy Try-City's judgment from Conaway's assets. The sheriff issued a notice of sheriff's sale for Lot 45 the same day; the sale was scheduled for January 6, 1993. Notice of the sale was provided to Conaway, Hamilton, and Hamilton's counsel.

The sale occurred as scheduled. Hall appeared for Try-City and purchased Lot 45 on its behalf for $14,609.58. Neither Conaway, Hamilton, nor Hamilton's counsel attended the sale. Conaway's one-year right of redemption regarding Lot 45 ran from the January 6, 1993, date of sale.

Try-City subsequently received and, on January 15, 1993, recorded the sheriff's certificate of sale regarding Lot 45. On April 7, 1993, Hamilton caused the quitclaim deed to Lot 45, which apparently was executed in his favor by Conaway on June 30, 1992, to be recorded. Try-City initiated the quiet title action presently before us on April 21, 1993, to clear the title to Lot 45.

Conaway did not redeem Lot 45 during his one-year redemption period. No one else redeemed the property. Conaway's right of

4

redemption expired on January 6, 1994.

In responding to Try-City's quiet title action, Hamilton raised a number of defenses and affirmative defenses. Briefly stated, the defenses were premised primarily on allegations that Try-City's judgment against Conaway was extinguished in Conaway's bankruptcy action; that Try-City is not the owner of Lot 45 because Conaway had no interest therein at the time of the sheriff's sale; and that Try-City--by and through its legal counsel--had actual or constructive knowledge at all pertinent times that Conaway had no right, title or interest in Lot 45. Hamilton also counterclaimed against Try-City on essentially the same grounds.

Try-City subsequently moved for summary judgment, briefed the motion and presented extensive materials in support thereof. Hamilton responded to the motion and offered primarily his affidavit and the affidavit of his counsel. Those affidavits revolve around Hamilton's two basic contentions, which are:

1) Even though title to Lot 45 was in Conaway's name at the **time** of Try-City's judgment, Hamilton and Conaway never intended Conaway to be the actual owner of the property; their intent was to remove ownership of the property from Hamilton's name while he attempted to weather financial and legal difficulties; and

2) Ogle's involvement in the quitclaim deed transaction between Hamilton and Conaway in June of 1992 which, according to Hamilton, serves as actual and/or constructive knowledge to Try-City, Ogle's client, that Conaway had no ownership

5

interest in Lot 45 at any pertinent time

The District Court granted Try-City's motion for summary judgment and quieted title to Lot 45 in Try-City against all named defendants. Hamilton appeals.

Did the District Court err in granting Try-City's motion for summary judgment?

We review a district court's ruling on a motion for summary judgment de novo. Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Spain-Morrow Ranch, Inc. v. West (1994), 264 Mont. 441, 444, 872 P.2d 330, 331-32.

Hamilton advances two challenges to the District Court's grant of summary judgment. In the first, he asserts that the court erred as a matter of law in concluding that Try-City's judgment lien remained a valid judgment lien against Lot 45 subsequent to the conclusion of Conaway's bankruptcy proceeding. Hamilton cites this Court to 11 U.S.C. § 524(c)(2)(1988), and to In re Mendenhall, 93-11405-7-JLP, 13 M.B.R. 73, November 25, 1993, on which the District Court relied. The extent of his argument in this regard is that "[i]t is respectfully submitted that Section 524, and Mendenhall is not applicable to the facts of this case." He then provides a copy of those cited materials.

With regard to this bankruptcy-related argument, we observe only that it is counsel's function to present and develop legal arguments on the client's behalf and to apply those legal arguments and authorities to the facts of record in the case. Counsel has

6

totally failed to do so here. We decline to undertake the role of both advocate and reviewing court.

Hamilton's second assertion of error is that genuine issues of material fact exist relating to Try-City's actual or constructive knowledge of Conaway's alleged lack of ownership or interest in Lot 45. Here, he relies on affidavits presented in response to Try-City's motion for summary judgment, contending that the District Court ignored his affidavit evidence.

The record in this case leaves no room for doubt that the District Court properly determined that no genuine issue of material fact exists in this regard. Hamilton makes much of his own, and his counsel's, statements that Ogle--and through him, Try-City--knew of the quitclaim deed transaction between himself and Conaway in the summer of 1992. While it may be true that a factual dispute exists regarding the extent of Ogle's knowledge at that time, such a factual dispute is not "material" in this case.

"Disputed facts are material . . if they involve the elements of the cause of action or defense at issue to an extent that necessitates resolution of the issue by a trier of fact." State Med. Oxygen v. American Med. Oxygen (Mont. 1994), 883 P.2d 1241, 1243, 51 St.Rep. 1063, 1064. Here, the record is clear that Conaway was the record owner of Lot 45 on January 24, 1992, when Try-City obtained its judgment against him. Pursuant to § 25-9-301(2), MCA, that judgment became a judgment lien against all real property owned by Conaway at that time. Matters relating to the subsequent quitclaim deed from Conaway to Hamilton, including any

7

**actual or constructive notice** of that transaction **by Try-City,** have no bearing whatsoever on and, therefore, are not material to the validity of Try-City's judgment lien.

We conclude that the District Court did not err in determining that no genuine issues of material fact exist and that Try-City is entitled to judgment as a matter of law.

Is Try-City entitled to Rule 32, M.R.App.P., damages?

Try-City requests damages against Hamilton pursuant to Rule 32, M.R.App.P. Rule 32 provides that if this Court is satisfied from the record and the presentation of the appeal that it was taken without reasonable or substantial grounds, we may award appropriate damages.

Sanctions under Rule 32 are seldom requested in Montana, and even less seldom awarded. Counsel understand that we will not lightly determine that an appeal is so lacking in merit as to meet the "frivolous" threshold which must be met before we will impose the Rule 32 sanction.

Here, no reasonable or substantial basis existed for the bringing of this appeal. Indeed, the appeal is without **merit** and frivolous. No effort at all, much less a serious one, was made to present colorable legal arguments in support of an appeal. Where no such arguments can be made, no appeal should be taken.

We conclude that Try-City is entitled to damages against Hamilton pursuant to Rule 32, M.R.App.P., for the bringing of a frivolous appeal. We further conclude that those damages properly are the reasonable amount of Try-City's attorney fees in defending

8

against **this** appeal.

We affirm the District Court's grant of summary judgment in favor of Try-City and remand for proceedings to determine the amount of Rule 32, M.R.App.P., damages to which Try-City is entitled in accordance with this opinion.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

9

May 11, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Patrick M. Spririger
Attorney at Law
P.O. Box 1112
Kalispell, MT 59903-1112

Randall S. Ogle
Ogle & Worm
P.O. Box 899
Kalispell, MT 59903-0899

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *N. Gallagher*
Deputy