NO. 95-259

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995



GARY R. MOTARIE,

       Plaintiff and Appellant,

  v.

NORTHERN MONTANA JOINT
REFUSE DISPOSAL DISTRICT,

       Defendant and Respondent.

APPEAL FROM:    District Court of the Ninth Judicial District,
               In and for the County of Glacier,
               The Honorable Marc G. Buyske, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          John F. Lynch; Lynch & Chisholm, Great Falls,
          Montana

      For Respondent:

          Selden S. Frisbee, Attorney at Law, Cut Bank,
          Montana

Submitted on Briefs:  October 26, 1995

Decided:  December 7, 1995

Filed:

Justice W. William Leaphart delivered the Opinion of the Court.

Gary R. Motarie (Motarie) appeals from an order of the Ninth Judicial District Court, Glacier County, granting Northern Montana Joint Refuse Disposal District (NMJRDD) summary judgment. The court concluded that there was no genuine issue of material fact as to the essential element of Motarie's claim of wrongful discharge, specifically, that NMJRDD fired Motarie in retaliation for his reporting a violation of public policy. We reverse.

The following issue is raised on appeal:

Did the District Court err in granting NMJRDD's motion for summary judgment?

NMJRDD hired Motarie in early July, 1992, as an attendant at a landfill "roll-off site" in Cut Bank, Montana. Motarie was hired as a probationary, or "at will" employee. According to Motarie, NMJRDD did not provide its workers at the site with shelter, bathroom facilities, or any means of communication. After NMJRDD failed to ameliorate these conditions, Motarie contacted the Federal Occupational Safety and Hazard Administration (OSHA). In response, OSHA informed NMJRDD that OSHA had been notified of an alleged hazard as follows:

> 1. Employee is not provided with emergency communication while working at the landfill alone which may be a violation of Section 5(a) (1) of the Act [Occupational Safety and Health Act of 19701.

OSHA made no determination that the alleged hazard existed and informed NMJRDD that OSHA would not conduct an investigation at that time. Instead, OSHA requested NMJRDD to investigate the

2

alleged conditions and make the necessary corrections. Within 30 days of receiving OSHA's notice, NMJRDD was to advise OSHA in writing of the results of NMJRDD's investigation, with supporting documentation, as well as a description, with supporting documentation, of any corrective action taken. If NMJRDD did not respond within 30 days, OSHA stated, "an investigation may be conducted." OSHA stated that the letter to NMJRDD was not a citation or notification of proposed penalty since these may not be issued without an inspection or investigation of the workplace by OSHA The record reveals no response from NMJRDD to OSHA, and NMJRDD received no further communication from OSHA. In early January, 1993, before his probationary term expired, NMJRDD fired Motarie.

Did the District Court err in granting NMJRDD's motion for summary judgment?

Our standard of review in appeals from summary judgment rulings is *de novo*. Mead v. M.S.B., Inc. (1994), 264 Mont. 465, *470, 872* P.2d 782, 785. Therefore, this Court reviews an order granting summary judgment based on the same criteria applied by the district court pursuant to Rule 56, M.R.Civ.P. Chilberg v. Rose (Mont. 1995), 903 P.2d 1377, 1378, 52 St.Rep. 1038, 1039 (citing Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214). Summary judgment should not be granted if there is any genuine issue of material fact. Thus, we determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. <u>Chilberg</u>, 903 P.2d at

1379; Howard v. Conlin Furniture No. 2, Inc. (Mont. 1995), 901 P.2d 116, 118, 52 St.Rep. 814, 815. We look to the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits to determine the existence or nonexistence of genuine issues of material fact. Krebs v. Ryan Oldsmobile (1992), 255 Mont. 291, 294, 843 P.2d 312, 314 (citing Sherrodd, Inc. v. Morrison-Knudsen Co. (1991), 249 Mont. 282, 284, 815 P.2d 1135, 1136).

A party seeking summary judgment has the burden of establishing a complete absence of any genuine factual issues. Howard, 901 P.2d at 118 (citing Hagen v. Dow Chem. Co. (1993), 261 Mont. 487, 491, 863 P.2d 413, 416). In light of the pleadings and the evidence before the court, there must be no material issue of fact remaining which would entitle a nonmoving party to recover. Howard, 901 P.2d at 118. Once the moving party has met its burden, the opposing party must present material and substantial evidence, rather than mere conclusory or speculative statements, to raise a genuine issue of material fact. Howard, 901 P.2d at 119. Disputed facts are material if they involve the elements of the cause of action or defense at issue to an extent that necessitates resolution of the issue by a trier of fact. State Med. Oxygen v. American Med. Oxygen (1994), 267 Mont. 340, 344, 883 P.2d 1241, 1243. Finally, all reasonable inferences that might be drawn from the offered evidence should be drawn in favor of the party who opposed summary judgment. Howard, 901 P.2d at 119. In this case, our review of the District Court's order granting summary judgment

focuses on one of the bases of wrongful discharge, namely, whether the discharge was in retaliation for the employee's good faith reporting of a violation of public policy. Section 39-2-904(1), MCA.

The Montana Wrongful Discharge From Employment Act (WDFEA) provides three bases upon which a terminated employee may bring a claim for wrongful discharge. Section 39-2-904, MCA. These elements are set forth in the statute:

> 39-2-904. Elements of wrongful discharge. A discharge is wrongful only if:
>     (1) it was in retaliation for the employee's refusal to violate public policy or for reporting a violation of public policy;
>     (2) the discharge was not for good cause and the employee had completed the employer's probationary period of employment; or
>     (3) the employer violated the express provisions of its own written personnel policy.

The parties agree that Motarie was a probationary employee. The statutory prohibition on termination in retaliation for the employee's refusal to violate public policy does not distinguish between probationary and non-probationary employees. Section 39-2-904(1), MCA. In fact, as long as an employer's conduct is consistent with the employer's personnel policies, the only basis for challenging the discharge of a probationary employee is that the employer discharged the employee in retaliation for refusing to violate public policy or for reporting a violation of public policy. See LeRoy H. Schramm, *Montana Employment Law and the 1987 Wrongful Discharge From Employment Act: A New Order Begins, 51* MONT. L. REV. 95, 117 (1990).

5

Motarie's complaint alleges that NMJRDD violated § 39-2-904(1), MCA, by terminating him because he reported unsafe working conditions to OSHA. NMJRDD moved for summary judgment arguing that it was undisputed that OSHA had not cited NMJRDD for a statutory violation. The District Court agreed, concluding that NMJRDD met its burden in support of its motion for summary judgment by presenting undisputed evidence that there had been no OSHA citation. Recognizing that OSHA had not cited NMJRDD for any violation of the Occupational Safety and Hazard Act, the District Court determined that there had been no actual statutory violation, thus, there could be no violation of public policy.

The burden then became Motarie's to raise a genuine issue of material fact concerning a violation of public policy. In response to an interrogatory, Motarie testified that: "I did report to OSHA the violation of communication and I was confronted about it by Don and that after that time I was constantly harassed by him and feel it was due to my report to OSHA. I was fired in retaliation for my reporting to OSHA." The court determined that these statements were merely conclusory and speculative. Accordingly, the court concluded there was no genuine issue of material fact because Motarie could not show that a violation of public policy occurred nor could he show the basis for his belief that a violation had occurred. We disagree.

Section 39-2-903(7), MCA, defines public policy as a policy in effect at the time of the discharge concerning the public health, safety, or welfare established by constitutional provision,

6

*statute,* or administrative rule. In the present case, OSHA's letter to NMJRDD stated that the alleged hazard "may be a violation of § 5(a)(1) of the Act." The District Court premised summary judgment upon the fact that there was no official determination that there had been a violation of the Occupational Safety and Health Act. In other words, the court reasoned that, because Motarie's report did not result in a citation or investigation, Motarie could not base his claim upon a violation of public policy. This retrospective reasoning is without merit. It fails to recognize that the WDFEA protects a good faith "whistle blower." <u>Krebs,</u> 843 P.2d at 315. Thus, regardless of whether the employee's report actually results in a citation or investigation, the test is whether the employee made the report in good faith.

Motarie reported to OSHA that he was not provided with emergency communication while working alone. Although this report did not result in an OSHA citation, NMJRDD has not alleged or shown that Motarie's report of working alone without emergency communication was baseless; that is, that it was not made in good faith. In fact, NMJRDD admits that there were no communication facilities at any of the roll-off sites.

Therefore, we hold that Motarie's statement that he reported potential violations of the Occupational Safety and Health Act to *OSHA* and that he was fired in retaliation, are not merely conclusory and speculative statements. Rather, Motarie has raised a genuine issue of material fact regarding an essential element of the WDFEA; namely, whether his discharge was in retaliation for a

good faith reporting of what he reasonably perceived to be a violation of public policy. Consequently, we conclude that the District Court erred in granting summary judgment.

Reversed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

December 7, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

John F. Lynch
LYNCH & CHISHOLM
Box 2265
Great Falls MT 59403-2265

Selden S. Frisbee
Attorney At Law
Box 1998
Cut Bank MT 59427-1998

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *A. Gallagher*
Deputy