CHRIS SCHULTZ,
Plaintiff and Appellant,
v.
STILLWATER MINING COMPANY,
Defendant and Respondent.


No. 96-004.

Submitted on Briefs June 13, 1996.

Decided July 23, 1996.

Appeal from the District Court of Stillwater County.

Thirteenth Judicial District.

Honorable Russell C. Fagg, Judge.

See C.J.S. Master and Servant Sec. 48.

Vacated and remanded.

For Appellant: Scot Schermerhorn, Freeman & Schermerhorn, Billings.

For Respondent: Jeanne M. Bender, Holland & Hart, Billings.

CHIEF JUSTICE TURNAGE delivered the Opinion of the Court.

Chris Schultz appeals from a summary judgment entered by the Thirteenth Judicial District Court, Stillwater County. The court granted judgment in favor of defendant Stillwater Mining Company on Schultz's claim of wrongful discharge. We vacate and remand.

We find dispositive the issue of whether Schultz's claim is exempt from Montana's Wrongful Discharge from Employment Act under Sec. , MCA, because he also filed a complaint with the United States Department of Labor Mine Safety and Health Administration to recover damages for retaliatory discharge based on disparate treatment.

In March of 1995, Chris Schultz, then an employee of Still-water Mining Company, was involved in a fist fight with another employee on company property. Schultz reported the incident to his supervisor and asserted that he was merely attempting to defend himself. Both Schultz and the other employee were fired as a result of the fist fight.

Schultz filed a complaint with the Mine Safety and Health Administration, alleging that he was discharged in retaliation for reporting a safety concern. The agency made a determination that the discharge did not constitute a violation of the Federal Mine Safety and Health Act (FMSHA) and therefore would not pursue a complaint against Stillwater. Schultz appealed the agency's determination. In January of 1996, an administrative law judge determined that the discharge did not violate FMSHA because "hitting another miner, even when one was hit first, is not the type of activity that is protected under the Act."

Schultz also filed this claim in District Court, alleging violation of Montana's Wrongful Discharge from Employment Act, Secs.  through-915, MCA. Stillwater moved for summary judgment, arguing that because both Schultz's FMSHA claim and his claim in District Court arose out of a single discharge, the District Court did not have jurisdiction to hear the wrongful discharge claim.

In granting Stillwater's motion for summary judgment, the court relied upon Sec. , MCA. That statute provides:

> Exemptions. This part does not apply to a discharge: (1)
>
> that is subject to any other state or federal statute that provides a procedure or remedy for contesting the dispute. Such statutes include those that prohibit discharge for filing complaints, charges, or claims with administrative bodies or that prohibit unlawful discrimi-nation based on race, national origin ...

The court reasoned that Schultz has only one actionable dispute with Stillwater, and that his choice to pursue his grievance under the federal statute precluded a Montana court from entertaining his cause of action.

Is Schultz's claim exempt from Montana's Wrongful Discharge from Employment Act under Sec. , MCA, because he also filed a complaint with the Mine Safety and Health Administration to recover damages for retaliatory discharge based on disparate treatment?

The District Court ruled that no material issues of fact exist and that Stillwater is entitled to summary judgment as a matter of law because Schultz chose to pursue his grievance under a federal statute that provides a procedure or remedy for contesting his discharge. Our standard of review is the same as the standard used by the District Court--whether, pursuant to Rule 56(c), M.R.Civ.P., material issues of fact exist and whether Stillwater is entitled to judgment as a matter of law. Motarie v. N. Mont. Joint Refuse Disposal (1995), 907 P.2d 154, 156.

In this case, the arguments on appeal are legal arguments not relating to issues of fact. Schultz contends that his state law claims are independent from his federal cause of action, and that, therefore, exemption under Sec. , MCA, does not apply.

It appears that the language of Sec. , MCA, is unique to Montana, so that case law from other jurisdictions is not particularly helpful to us. Although the parties have cited a number of Montana cases which bear tangentially on the question before us, we find the language of the statute itself and its interpretation in Tonack v. Montana Bank of Billings (1993), 854 P.2d 326, decisive.

In Tonack, the defendant bank argued that Sec. , MCA, prohibited Tonack from recovering under both the Wrongful Discharge Act and the federal Age Discrimination in Employment Act (ADEA). In evaluating that claim, Justice McDonough wrote for this Court:

> Whether a discharge will ultimately be "subject to any other state or federal statute that provides a procedure or remedy for contesting the dispute" is not immediately known when a claim is filed. This must be determined before it is known whether the Wrongful Discharge Act may be applied.
>
> It is established only when a finder of fact has made that determination or when judgment on the claim has otherwise been entered. Therefore, we conclude that claims may be filed concurrently under the Wrongful Discharge Act and other state or federal statutes described in Sec. , MCA, but if an affirmative determination of the claim is obtained under such other statutes, the Wrongful Discharge Act may no longer be applied.

Tonack, 854 P.2d at 331. Because the district court had made a factual determination that the ADEA applied to Tonack's discharge from employment, this Court held that she was not entitled to recover damages under the Wrongful Discharge Act. Tonack, 854 P.2d at 331.

Relying upon Tonack, Stillwater argues that any judgment by the Mine Safety and Health Administration provides Schultz with a procedure or remedy for contesting his dispute. We disagree.

In this case, no affirmative determination of the claim has been obtained under the FMSHA. Instead, a negative determination has been obtained, both at the agency level and before the administrative law judge, that the activity which led to Schultz's discharge was "not the type of activity that is protected under the [FMSHA]." Therefore, Schultz has not been provided a procedure or remedy for contesting his dispute.

Section , MCA, provides an exemption for discharges "subject to any other state or federal statute." The determination that the activity which led to Schultz's discharge was "not the type of activity that is protected under the [FMSHA]" amounts to a determination that his discharge was not subject to the FMSHA. We conclude that Sec. , MCA, does not preclude application of the Wrongful Discharge Act under these circumstances.

We hold that the District Court erred as a matter of law in granting Stillwater's motion for summary judgment. We therefore vacate that judgment and remand for further proceedings consistent with this Opinion.

JUSTICES GRAY, HUNT, LEAPHART and ERDMANN concur