No. 98-013

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 335

WILLIAM AND GWYN YOUNG,

Plaintiffs and Appellants,

v.

SECURITY UNION TITLE INSURANCE COMPANY,

SECURITY UNION TITLE COMPANY OF IDAHO, d/b/a

FLATHEAD TITLE COMPANY, n/k/a ALLIANCE TITLE,

COLDWELL BANKER WACHHOLZ AND COMPANY,

and FRED AND DONNA EARLY,

Defendants and Respondents.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Peter F. Carroll, Attorney at Law; Kalispell, Montana

For Respondents:

Daniel W. Hileman; Kaufman, Vidal & Hileman, P.C.;

Kalispell, Montana (for Security Union)

Marshall Murray, Attorney at Law; Kalispell, Montana

(for Coldwell Banker)

Randy Ogle, Ogle and Worm; Kalispell, Montana (for Earlys)

Submitted on Briefs: March 26, 1998

Decided: December 30, 1998

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

**¶1. The plaintiffs, William and Gwyn Young, brought this action in the District Court for the Eleventh Judicial District in Flathead County to recover damages from the defendants, Security Union Title Insurance Company (Insurer), Security Union Title Company of Idaho (Title Company), Coldwell Banker Wachholz and Company, and Fred and Donna Early, based on limitations to the use of real property purchased by Youngs from Earlys which were allegedly not disclosed at the time of purchase. The Insurer and the Title Company moved for an order compelling arbitration pursuant to a provision for arbitration in the title insurance policy, and that motion was granted. However, when Youngs refused to pay in advance the anticipated costs of arbitration, the arbitrator for the American Arbitration Association declined to proceed; the Insurer and Title Company moved for summary judgment based on Youngs' alleged refusal to comply with the court's order compelling arbitration and; that motion was granted. Youngs appeal from the District Court's order granting summary judgment to the Insurer and the Title Company. We reverse the order and judgment of the District Court.**

**¶2. The dispositive issue on appeal is whether the title insurance policy issued by Security Union Title Insurance Company includes a valid and binding arbitration clause.**

FACTUAL BACKGROUND

**¶3. The plaintiffs, William and Gwyn Young, filed a complaint in the District Court**

for the Eleventh Judicial District in Flathead County on November 6, 1996, in which Security Union Title Insurance Company, Security Title Company of Idaho, Coldwell Banker Wachholz Company, and Fred and Donna Early were named as defendants.

**¶4. Youngs' complaint alleged that in June 1994 they purchased real property from Earlys and that Coldwell Banker Wachholz Company, a real estate broker, acted as a dual agent representing both the sellers and the buyers in that transaction.**

**¶5. Youngs alleged that prior to their purchase of property from Earlys the Title Company reviewed real estate records in Flathead County and reported no defects in the title to the property, nor restrictions on their use of the property, and that the Insurer sold them a policy of title insurance which insured the marketability of the title.**

**¶6. Youngs further alleged that in July 1996 they learned of a sanitary restriction on the property they had purchased and that the septic system on the property violated that restriction. They alleged that the restriction was evident from Flathead County property records, should have been noticed by the Title Company, and was a defect against which the Insurer insured them, but that the Insurer had refused to indemnify them pursuant to its contract with them.**

**¶7. For these reasons, Youngs alleged that the sellers and brokers misrepresented material facts to them and that the Insurer and Title Company breached material terms of their contracts with the Youngs, and that as a result of the conduct of all defendants, they had been significantly damaged.**

**¶8. After being served with the complaint, the Insurer and Title Company demanded that Youngs submit their dispute to arbitration pursuant to paragraph 14 of the title insurance policy, which provides, in relevant part, as follows:**

Unless prohibited by applicable law, either the Company or the Insured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the Insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. . . .

The law of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.

**¶9. Following receipt of the demand for arbitration, Youngs moved the District Court to stay arbitration based on their contention that the Insurer had violated § 27-5-114(4), MCA (1989), by its failure to provide notice on the first page of the insurance contract that it was subject to arbitration; and based on their contention that pursuant to § 27-5-114(2)(c), MCA, agreements to submit controversies relating to insurance policies to arbitration are not enforceable.**

**¶10. The Insurer and Title Company objected to Youngs' motion to stay arbitration, and in reliance on paragraph 14 of the title insurance policy, moved the court for an order compelling arbitration. The Insurer and Title Company acknowledged that Montana law invalidates arbitration clauses in insurance policies, but contended that the law did not apply to title insurance policies. They also argued that since Youngs did not object to the existence of the clause in the policy when it was issued in 1994, their objection in the District Court was untimely.**

**¶11. The District Court denied Youngs' motion to stay arbitration and granted the Insurer and Title Company's motion to compel arbitration. There is no explanation in the District Court's order for its decision, except the court's belief that Youngs had failed to file a response to the motion to compel arbitration and, therefore, the District Court presumed it was well-taken. However, the District Court file indicates that Youngs had, in fact, filed a response.**

**¶12. Six months after the District Court's order compelling arbitration, the Insurer and Title Company moved for summary judgment based on their allegation that Youngs had refused to comply with the court's order and submit their dispute to arbitration.**

**¶13. In fact, Youngs had not refused to participate in arbitration, but had refused to advance the anticipated costs of arbitration for the reason that they were financially unable to do so. The American Arbitration Association had apparently sent a stipulation to the parties providing that the arbitrator would be compensated at the**

rate of $125 per hour during hearings, and $100 per hour for study time, and requesting that each party pay in advance the total expected cost of the arbitrator's fees, plus his expenses. Youngs stated that they could not financially afford to do so and, therefore, the AAA advised that arbitration would not proceed without satisfactory arrangements for prepayment of fees.

¶14. In response to the Insurer's motion for summary judgment, Youngs pointed out that William is a self-employed painter with little work to do during the winter months; Gwyn is employed at a local market where she earns $8.25 an hour, but is only guaranteed twenty hours of work per week; that their combined income ranges from $650 to $1350 per month; and that their average expenses exceed $1000 per month. They stated that while they were not refusing to participate in arbitration, based on their financial reality they were unable to prepay or guarantee payment of a proportionate share of the costs and fees for arbitration.

¶15. The District Court granted the motion for summary judgment with no explanation, other than that good cause had been shown. The parties then stipulated to stay further proceedings against Earlys and Coldwell Banker pending Youngs' appeal from the District Court's summary judgment order.

## DISCUSSION

¶16. Does the title insurance policy issued by Security Union Title Insurance Company include a valid and binding arbitration clause?

¶17. Our standard of review on appeal from summary judgment orders is *de novo*. *Motaire v. Northern Montana Joint Refuse Disposal Dist.* (1995), 274 Mont. 239, 242, 907 P.2d 154, 156; *Mead v. M.S.B., Inc.* (1994), 264 Mont. 465, 470, 872 P.2d 782, 785. We review a district court's summary judgment to determine whether it was correctly decided pursuant to Rule 56, M.R.Civ.P., which provides that summary judgment is only appropriate where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.

¶18. On appeal, Youngs make the following arguments:

¶19. 1. They did not refuse to comply with the District Court's order compelling arbitration. They simply were unable to prepay costs or guarantee payment of any

predetermined proportion of costs. However, there is no statutory requirement that they do so, nor were they required to do so by the rules of the American Arbitration Association;

¶20. 2. The District Court erred when it denied Youngs' motion to stay arbitration because the agreement did not comply with the notice requirements of § 27-5-114(4), MCA (1989);

¶21. 3. Arbitration provisions in insurance contracts are invalid pursuant to § 27-5-114(2)(c), MCA; and

¶22. 4. The Federal Arbitration Act is inapplicable because the contract in dispute did not involve interstate commerce.

¶23. In response, the Insurer and Title Company contend as follows:

¶24. 1. Youngs' refusal to share in the cost of arbitration equates with a refusal to participate in arbitration and, therefore, was a refusal to comply with the District Court's order;

¶25. 2. Although arbitration provisions in insurance policies are invalid pursuant to § 27-5-114(2)(c), MCA, that section does not apply to title insurance policies; and

¶26. 3. Because Youngs accepted the insurance policy in June 1994 without objecting to the arbitration provision, they waived the right to object to it now.

¶27. We conclude that § 27-5-114(2)(c), MCA, is dispositive of Youngs' appeal.

¶28. Paragraph 14 of Youngs' policy of title insurance provides that the Insurer may demand arbitration "unless prohibited by applicable law." The applicable law in Montana provides as follows:

(2) A written agreement to submit to arbitration any controversy arising between the parties after the agreement is made is valid and enforceable except upon grounds that exist at law or in equity for the revocation of a contract. Except as permitted under subsection (3), this subsection does not apply to:

. . . .

(c) any agreement concerning or relating to insurance policies or annuity contracts except for those contracts between insurance companies . . . .

Section 27-5-114(2)(c), MCA.

**¶29. Neither the Insurer nor the Title Company contend that Montana's statutory provision exempting insurance policies from arbitration requirements is invalid or otherwise unenforceable as a matter of law. What they do contend is that the provision does not pertain to title insurance policies. However, the defendants offer no authority in support of such a distinction, and Montana statutory law would appear to be to the contrary. Chapter 15, of Title 33, of the Montana Code Annotated, which pertains to insurance contracts, does exclude title insurance from some of its provisions; however, § 33-15-101(4), MCA, specifically makes that part of Chapter 15 which defines an insurance "policy" applicable to title insurance. Section 33-15-102(1), MCA, provides that "'[p]olicy' means the written contract of or written agreement for or effecting insurance, by whatever name called, and includes all clauses, riders, endorsements, and papers attached thereto and a part thereof."**

**¶30. Therefore, we conclude that when § 27-5-114(2)(c), MCA, provides that arbitration agreements in "insurance policies" are invalid and unenforceable, that provision pertains to title insurance policies, as well as other types of insurance coverage.**

**¶31. The Insurer contends that similar arbitration provisions have been upheld in other jurisdictions, and cites *Fleet Mortgage Corporation v. Lynts* (E.D. Wis. 1995), 885 F. Supp. 1187, 1188-90. However, the issue in that case was simply whether a lending institution was bound by the arbitration provision in a title insurance policy when, in fact, it had only been provided with a closing letter and was not a party to the policy. That case did not involve a statutory provision which invalidated arbitration provisions in insurance policies.**

**¶32. The Insurer also contends that Youngs waived any objection to the arbitration provision by not asserting that objection when the policy was issued in June 1994. In support of that contention, they cite *Imperial Savings Association v. Lewis* (D. Utah 1990), 730 F. Supp. 1068. However, the issue in *Imperial* was not whether the**

arbitration provision in the insurer's policy was valid and enforceable, the issue was whether the parties had in fact agreed to submit to arbitration in the first place. Therefore, we find *Imperial* unpersuasive in support of the Insurer's contention that its insured can waive the statutory protection provided by § 27-5-114(2)(c), MCA. We conclude that Youngs properly asserted their rights pursuant to Montana's statutory law when they moved for a protective order staying arbitration in a timely manner after arbitration was demanded by the Insurer and the Title Company.

¶33. Because we conclude that the arbitration provision in Youngs' title insurance policy was contrary to Montana's statutory law and, therefore, unenforceable, we conclude that the District Court erred when it denied Youngs' motion to stay arbitration and, therefore, erred when it granted summary judgment to the Insurer and Title Company based on the allegation that Youngs had not cooperated in the arbitration process.

¶34. We reverse the summary judgment order of the District Court and remand this case to the District Court for further proceedings consistent with this opinion.


/S/ TERRY N. TRIEWEILER


We Concur:


/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART