No. 99-690

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 140N

EARL COURTNAGE,

Plaintiff, Appellant and Cross-Respondent,

v.

CITY OF HAVRE, a Montana Municipal Corporation

and GARY SCHAUB, and GERALD GRABOFSKY,

both individually and as agents of the City of Havre,

Defendants, Respondents and Cross-Appellants.

APPEAL FROM: District Court of the Twelfth Judicial District,

In and for the County of Hill,

The Honorable John C. McKeon, Judge presiding.

COUNSEL OF RECORD:

For Appellant/Cross Respondent:

Joseph C. Engel, III, Attorney at Law, Great Falls, Montana

For Respondents/Cross-Appellants:

Kevin C. Meek; Davis, Hatley, Haffeman & Tighe, Great Falls, Montana

Submitted on Briefs:  April 6, 2000

Decided: May 25, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant Earl Courtnage (Courtnage) appeals from the summary judgment ruling in which the District Court for the Twelfth Judicial District, Hill County, dismissed each of Courtnage's three claims against the Respondents. We affirm the judgment of the District Court.

¶3 Courtnage had worked for the City of Havre (the City) as an employee with the Public Works Department since 1984. It is undisputed that Courtnage's employment and discipline history with the City were "checkered." On August 25, 1995, Courtnage was disciplined and suspended for two days. He was scheduled to meet with his supervisors the morning of August 30, 1995. When Courtnage failed to appear at the meeting, Gary Schaub (Schaub), his immediate supervisor, went looking for him. Schaub parked his truck at the City well house and walked inside where he discovered Courtnage zipping up his pants. When asked by Schaub what he was doing, Courtnage replied "taking a leak." Courtnage was then scheduled to meet with his supervisors on September 11, 1995 to further discuss the urination incident. During the discussion, while being advised of the seriousness of using the well house as a urinal, Courtnage broke out into laughter. The City, acting through Public Works Director Gerald Grabofsky (Grabofsky), terminated Courtnage on September 11, 1995, for inability to follow policies and rules and for a bad attitude.

¶4 On September 19, 1995, Courtnage filed a grievance with respect to the termination, invoking the provisions of the Collective Bargaining Agreement.

¶5 On December 19, 1995, a complaint was lodged against Courtnage in Havre City Court for criminal mischief arising out of his use of the well house as a urinal. Courtnage appealed the criminal mischief charge to the District Court. The District Court jury was unable to reach a verdict. As a result of the hung jury, the prosecution decided to dismiss the charge.

¶6 In September of 1996, Courtnage filed the present suit against the City. A month later, he withdrew his grievance.

¶7 Courtnage set forth three claims for relief in his Fourth Amended Complaint (the Complaint) against the City, Schaub and Grabofsky: (1) abuse of process, (2) a civil rights selective prosecution claim, and (3) a claim for breach of the Collective Bargaining Agreement. We review the District Court's granting of summary judgment with regard to each of these claims.

Issue

¶8 Did the District Court properly grant summary judgment.

Standard of Review

¶9 The standard of review from a summary judgment ruling is *de novo*. Motarie v. N. Mont. Joint Refuse Disposal (1995), 274 Mont. 239, 242, 907 P.2d 154, 156. When reviewing a district court's grant of summary judgment, this Court applies the same evaluation as the district court based upon Rule 56, M.R.Civ.P. Bruner v. Yellowstone County (1995), 272 Mont. 261, 264, 900 P.2d 901, 903.

Abuse of Process:

¶10 In order to establish an abuse of process claim, a plaintiff must prove (1) an ulterior purpose, and (2) a willful act in use of the process which is not proper in the regular conduct of the proceeding. Brault v. Smith (1984), 209 Mont. 21, 28, 679 P.2d 236, 240. A claimant must establish use of the process to coerce him to do some collateral thing which he "could not be legally or regularly compelled to do." State Bd. of Dentistry v. Kandarian (1994), 268 Mont. 408, 415, 886 P.2d 954, 958 (citation omitted).

¶11 The District Court held that, while Courtnage alleged ulterior purpose, he provided no evidence to establish an attempt to use the judicial process to coerce him. The Respondents, on the other hand, provided an affidavit as well as testimony from prosecutor David Rice (Rice) that the prosecution was no different than any other prosecution; that it was initiated as a result of his prosecutorial discretion without any influence from Grabofsky or Schaub. We agree with the District Court's assessment. Courtnage has not pointed to any part of the record which would refute the Rice testimony or support Courtnage's contention that this prosecution, which was filed some three months after Courtnage was terminated, was prosecuted with the purpose to coerce Courtnage into doing something that he would not otherwise be compelled to do. As we pointed out in *Brault*, "[p]ressing valid legal claims to their regular conclusion, even with an ulterior motive, does not by itself constitute abuse of process." *Brault*, 209 Mont. at 29, 679 P.2d at 240. Thus, even assuming arguendo that the City had "ulterior motives" in pressing the criminal charge, that alone is not sufficient. Courtnage must show that the charge was being used as an attempt to coerce him to do some collateral thing which he would not be otherwise required to do. He has not done so. We affirm the District Court's grant of summary judgment as to Courtnage's claim for abuse of process.

Claim for Violation of Civil Rights:

¶12 In Count II of the Complaint, Courtnage alleged a selective prosecution under color of state law in violation of his civil rights, under 42 U.S.C. § 1983. He alleged that the Respondents Schaub and Grabofsky were aware that City of Havre employees urinated in the drain of Well House No. 4 and yet did not seek the filing of criminal charges against any other City employees for such conduct. The District Court found that the prosecution was not "selective." We agree with the District Court. As the Respondents point out, a prima facie 42 U.S.C. § 1983 claim based upon "selective prosecution" requires an allegation that the defendant's conduct was motivated because of "race, nationality, religion or gender" or that the conduct was motivated to "discourage or punish the exercise of a constitutional right." Futernick v. Sumpter Township (6th Cir. 1996), 78 F.3d 1051, 1056-57. The fact that other employees were not prosecuted is not a basis for an equal protection or due process claim.

> There is no right under the Constitution to have the law go unenforced against you, even if you are the first person against whom it is enforced, and even if you think (or can prove) that you are not as culpable as some others who have gone

unpunished. The law does not need to be enforced everywhere to be legitimately enforced somewhere; and prosecutors have broad discretion in deciding whom to prosecute.

*Futernick, 78 F.3d at 1056.*

¶13 Courtnage has not alleged that he exercised any imaginable constitutional right when he urinated in the well house drain and has not identified any racial, religious or other factors which uniquely gave him a protected right to do so. His 42 U.S.C. § 1983 claim for "selective prosecution" must fail as a matter of law. We affirm the summary judgment for Respondents Schaub and Grabofsky as to Count II of the Complaint.

¶14 Courtnage's "selective prosecution" claim against the City also fails. In order to prevail against the City, Courtnage had the burden of showing that he possessed a constitutional right that suffered deprivation because of the City's policy. Monell v. Department of Social Services (1978), 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611. Even assuming arguendo that the City had a policy of not prosecuting employees for urinating in the well house, Courtnage has failed to show that he was selectively prosecuted because of race or religion or for engaging in constitutionally protected activity. The summary judgment for the City on the § 1983 claim is affirmed.

Violation of the Collective Bargaining Agreement:

¶15 In Count III of the Complaint, Courtnage alleges that the City violated the Collective Bargaining Agreement by prosecuting him for criminal mischief. He contends that "when and if it was proven that charging him with criminal mischief was an effort to enforce his discharge, and was an ulterior motive other than simply enforcing the criminal law[,]" he was entitled, as a matter of law, to a ruling that the filing of the criminal charge constituted a default by the City under the Collective Bargaining Agreement.

¶16 Courtnage acknowledges in his Reply Brief that the Count III claim for violation of the Collective Bargaining Agreement is dependent upon the outcome of Counts I and II; that is, that the City had an ulterior purpose in enforcing the law. Since we have affirmed summary judgment for the Respondents on both of those counts, summary judgment on the derivative Count III is likewise appropriate.

Costs for Depositions:

¶17 Courtnage has withdrawn his appeal concerning the District Court's inclusion of copies of depositions as recoverable costs.

Attorneys Fees:

¶18 The Respondents have cross-appealed contending that the District Court erred in denying them attorney fees for their successful defense of Courtnage's § 1983 claim. 42 U.S.C. § 1988(b) provides that the court, "in its discretion" may allow the prevailing party a reasonable attorney's fee as part of the cost.

¶19 In granting summary judgment, the District Court concluded that, although it found that there were no material facts in dispute, that was not tantamount to finding that the suit was vexatious or lacking all merit. Accordingly, the court, in its discretion, chose not to impose attorney fees. We conclude that this was not an abuse of discretion.

¶20The District Court's grant of summary judgment is affirmed in all respects.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER