No. 02-541

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 306N

C. K. DREW,

      Plaintiff and Appellant,

   v.

RICHARD A SIMONTON, LORRAINE SCHNEIDER,
RICHARD PHILLIPS, ROBERT A. JENSEN, MARC
SPEER, ROBERT GUNSCH, GINA ZERR, CHARLES
HAWKINSON, TERRY HAWKINSON and JOHN HAWKINSON.

      Defendants and Respondents.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and for the County of McCone,
The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            C. K. Drew (pro se), Circle, Montana

      For Respondents:

            Michael King, Special Assistant Attorney General, Risk Management and
Tort Defense Division, Helena, Montana

                  Submitted on Briefs:  November 26, 2002

                          Decided:  December 12, 2002

Filed:

_____
                       Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), of the Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result, to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Appellant, C. K. Drew, filed a *pro se* complaint against the Honorable Richard Phillips in the District Court for the Seventh Judicial District in McCone County, in which he alleged Intentional and/or Negligent Infliction of Emotional Distress and Conspiracy to Commit and/or Permit Legal Malpractice. Judge Phillips filed a motion for summary judgement which was granted by the District Court. Drew appeals from the order granting summary judgment. We affirm the judgement of the District Court.

¶3 The sole issue on appeal is whether the District Court erred when it found that there was no genuine issue of material fact and concluded that Judge Phillips was entitled to judgement as a matter of law?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 This case arose from the probate of Woodrow Hawkinson's estate. Hawkinson, C. K. Drew's former business partner, died on March 16, 1998, and his estate was probated by Judge Richard Phillips of the Seventh Judicial District Court in Cause No. DP 9804. The events that transpired during the administration of the

2

estate are unclear and for the most part irrelevant to the issue before this Court.  Simply put, Drew was not satisfied with the manner in which the Estate of Hawkinson was handled and suspected that there was a conspiracy to ignore Hawkinson's wishes and steal what had been willed to Drew.

¶5    Drew filed a complaint on February 7, 2001, in which he named Judge Phillips as one of many defendants.  The personal representative of the Estate of Hawkinson, Richard A. Simonton, was also named as a defendant in the complaint.  In Drew's cause of action for Intentional and/or Negligent Infliction of Emotional Distress, he alleged that Judge Phillips used his position of power maliciously to cover Simonton and the other defendant's attempts to steal estate property.  In his cause of action for Conspiracy to Commit and/or Permit Legal Malpractice, Drew alleged that Judge Phillips had a conflict of interest in the case, made slanderous and false statements about Drew and Drew's son, and conspired with Simonton to cover up illegal and unethical behavior surrounding the probate of the Estate of Hawkinson.

¶6    In response to these allegations, Judge Phillips filed a motion for summary judgment based on the doctrine of judicial immunity on March 12, 2001.  The supporting affidavit stated that, at all times relevant to Drew's complaint, Judge Phillips was a Seventh Judicial District Court judge. He stated that his interaction and contact with the other named defendants, Drew, and Drew's son, occurred in his capacity as a judge, in chambers or in court, and was limited to conducting hearings and issuing orders

3

concerning the Estate of Hawkinson.  Furthermore, he stated that he had no contact with any of the parties involved with the Estate of Hawkinson, or subject to Drew's complaint, outside of court, or without all parties present.

¶7   On April 2, 2001, Drew filed a brief in response to Judge Phillips' motion for summary judgment.  He asserted that the judge was not immune from liability because he had acted unethically and illegally when he conspired with Simonton to cover their illegal conduct and prolonged the expense and time of his litigation.  Drew also asserted that Judge Phillips refused to follow the law and the terms of Hawkinson's will in his ruling.  Therefore, he requested that the District Court punish Judge Phillips and impose damages.

¶8   The District Court granted Judge Phillips' motion for summary judgment on October 12, 2001.  The court found that the undisputed evidence indicated that Judge Phillips' only connection with Drew, the other alleged conspirators, the case, and the Estate of Hawkinson, was in his capacity as a district court judge. Therefore, the court concluded that Judge Phillips was entitled to dismissal of the complaint against him based on the doctrine of judicial immunity.

STANDARD OF REVIEW

¶9   This Court reviews an appeal of summary judgment *de novo*. *Motarie v. Mont. Joint Refuse Disposal* (1995), 274 Mont. 239, 242, 907 P.2d 154, 156.  We apply the same Rule 56, M.R.Civ.P., criteria applied by the district court.  *Bruner v. Yellowstone County*

4

(1995), 272 Mont. 261, 264, 900 P.2d 901, 903. Rule 56(c), M.R.Civ.P., provides that:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

¶10   The party moving for summary judgment has the initial burden of establishing the absence of genuine issues of material fact. *Bruner*, 272 Mont. at 264, 900 P.2d at 903. If that burden is met, the burden shifts to the nonmoving party to raise a genuine issue of material fact by more than mere denial or speculation. *Bruner*, 272 Mont. at 264, 900 P.2d at 903. Once a court determines that no genuine factual issues exist, it must determine whether the moving party is entitled to judgment as a matter of law. *Bruner*, 272 Mont. at 264, 900 P.2d at 903.

### DISCUSSION

¶11   Did the District Court err when it found that there was no genuine issue of material fact and concluded that Judge Phillips was entitled to judgement as a matter of law?

¶12   Drew contends that Judge Phillips' conduct during the probate of the Estate of Hawkinson violated his oath of judicial office and constituted malicious and improper behavior. He alleges that Judge Phillips held secret meetings, allowed the other defendants to take estate property, did not enforce his orders, allowed felons to cross state lines with stolen firearms and based on his personal beliefs, ignored the laws of Montana. Judge Phillips maintains,

5

that despite Drew's allegations, the undisputed facts establish that he is entitled to judicial immunity as a matter of law.

¶13 Montana has codified the judicial immunity doctrine at § 2-9-112(2), MCA:

> **Immunity from suit for judicial acts and omissions.**
> . . . .
>
> (2)     A member, officer, or agent of the judiciary is immune from suit for damages arising from his lawful discharge of an official duty associated with judicial actions of the court.

¶14 Judicial immunity provides judges with absolute immunity from suit for civil damages for acts performed in their judicial capacity. *Steele v. McGregor*, 1998 MT 85, ¶ 16, 288 Mont. 238, ¶ 16, 956 P.2 1364, ¶ 16 (citation omitted). The United States Supreme Court conducted a two-pronged inquiry to determine whether a judge is entitled to judicial immunity in *Stump v. Sparkman* (1978), 435 U.S. 349, 98 S.Ct 1099, 55 L.Ed.2d 331.

¶15 First, we must determine whether the judge had jurisdiction over the subject before him at the time of the challenged conduct. A judge's jurisdiction must be broadly construed. *Stump*, 435 U.S. at 356, 98 S.Ct. at 1105; *See also Steele*, ¶ 20. "[A judge] will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57, 98 S.Ct. at 1105 (citation omitted).

¶16 A district court has original jurisdiction in all civil and probate matters. Section 3-5-302(1)(b), MCA. Drew presented no law or evidence in the District Court or on appeal to suggest that Judge Phillips lacked jurisdiction over the Estate of Hawkinson.

6

We conclude that Judge Phillips had jurisdiction to probate the Estate of Hawkinson pursuant to § 3-5-302(1)(b), MCA.

¶17 The next stage of our inquiry concerns the nature of the judge's conduct and the judge's judicial capacity. This determination focuses on whether the conduct complained of is of a nature normally performed by a judge, and whether the parties dealt with the judge in his judicial capacity. *Stump*, 435 U.S. at 362, 98 S.Ct. at 1107. A judge acting in his or her judicial capacity will not be denied immunity because the judge acted maliciously, mistakenly or in excess of his or her authority. *Steele*, ¶ 20.

¶18 Judge Phillips filed a sworn affidavit with his motion for summary judgment which stated that at all times relevant to Drew's allegations, his conduct and interaction with the parties involved in this case were of a judicial nature and within his judicial capacity. Drew presented no facts or arguments to dispute that the judge's conduct occurred within his judicial capacity. He stated: "[c]learly Judge Phillips was malicious when he did through his ruling as judge . . ." and "[b]ased on the facts of this case Judge Phillips obviously was malicious in his rulings and wrong in rulings where he failed to follow the law . . . ." The record indicates that Drew attributed the conduct complained of to Judge Phillips' "rulings as judge," which supports the judge's claim of immunity.

¶19 We conclude that Judge Phillips' affidavit is sufficient to meet his burden to show that there was no genuine issue of material fact. Consequently, Drew was required to come forward with

7

substantial evidence and specific facts, by way of sworn affidavits or other sworn testimony, which raised a genuine issue of material fact. *See McGinnis v. Hand*, 1999 MT 9, ¶13, 293 Mont. 72, ¶13, 972 P.2d 1126, ¶13; *Stanley v. Holms*, 1999 MT 41, ¶ 32, 293 Mont 343, ¶ 32, 975 P.2d 1242, ¶ 32. Drew alleged Judge Phillips had *ex parte* communications with Simonton in his pleadings and motions, however, these allegations are nothing more than speculation, do not satisfy his burden to raise an issue of material fact, and do not void judicial immunity in any event.

¶20 In his reply brief, Drew included a sworn affidavit, signed November 13, 2002, which stated that, approximately three years ago, he and a friend observed Simonton enter Judge Phillips' chambers and close the door. Rule 9, M.R.App.P., limits the record on appeal to the original papers filed with the district court, the transcript of proceedings, and a certified copy of the docket entries. Drew's affidavit is not of record and not properly introduced for the first time on appeal. Regardless, we conclude that Drew's affidavit does not link the alleged secret meeting to the Estate of Hawkinson and amounts to nothing more than speculation. Therefore, the affidavit does not raise an issue of material fact.

¶21 We conclude that there was no genuine issue of material fact and that Judge Phillips is entitled to judicial immunity as a matter of law. Therefore, the judgment of the District Court is affirmed.

/S/ TERRY N. TRIEWEILER

8

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE