JUSTICE RICE
specially concurring.
¶40 I agree with Justice Leaphart that the District Court’s analysis of the Wrongful Discharge from Employment Act was erroneous. In analyzing the three subsections of § 39-2-904, MCA, defining wrongful discharge, the District Court noted that the subsections were disjunctive, and concluded therefrom that:
A fundamental tenet of interpretation is that disjunctive provisions are exclusive. The existence of any one of the circumstances independent from the others is sufficient. Defendants need to demonstrate only one such circumstance in order to avoid the WDA. Defendants have demonstrated and Plaintiff has not controverted the fact that Plaintiff was a probationary employee. [Emphasis added.]
Although the District Court correctly noted that the subsections of the statute are disjunctive, it erroneously concluded therefrom that if a *107 defendant-employer established that one of the subsections did not apply, then the discharge could not be found to be wrongful under either of the remaining two subsections. This is an incorrect rendering of the plain meaning of the statute, and inconsistent with our previous application thereof. See Motarie v. Northern Montana Joint Refuse Disposal Dist. (1995), 274 Mont. 239, 243, 907 P.2d 154, 156.
¶41 Nonetheless, I agree with the Court that the discharge here is governed by the more specific provisions of § 7-32-4113, MCA, as argued by the defendants in the District Court, and, therefore, concur in the Court’s holding herein.