**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ELIZABETH PRITCHARD-SLEATH, | No.    14-35826 |
| Plaintiff-Appellee, | D.C. No. 6:12-cv-00074-DLC |
| v. | |
| MONTANA DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Argued and Submitted February 7, 2017
Seattle, Washington

Before:  FISHER, PAEZ, and CALLAHAN, Circuit Judges.


Elizabeth Pritchard-Sleath (Sleath) worked for the Montana Development

Center from April 2009 until she was discharged in May 2011.  She

brought this action against the Montana Department of Public Health and Human

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Services (the Department) alleging that the termination of her employment was wrongful under Montana's Wrongful Discharge from Employment Act (WDEA), Montana Code Ann. §§ 39-2-901, 904, because her discharge was retaliatory and not done in conformance with the Department's policies. The District Court granted the Department partial summary judgment pursuant to § 904(b), finding that Sleath could not show that her discharge "was not for good cause." However, the District Court allowed Sleath's claims of retaliation and failure to follow policies, pursuant to § 904(a) and (c), to go to the jury. The jury found that the Department had discharged Sleath in violation of the WDEA and that the discharge had caused her $244,239 in lost wages and fringe benefits.

The Department timely appealed, asserting that: (1) the District Court, having determined that it had good cause to discharge Sleath, should have dismissed the remaining claims under the WDEA; and (2) the District Court erred in allowing the jury to determine retaliation without requiring Sleath to identify the specific public policy in issue. We affirm.

**1.** The Department asserts that the District Court's grant of summary judgment under § 904(b), as a matter of law, barred Sleath from prevailing under

either subsection (a) or (c).[1]  As the Department raises only issues of law, the standard of review is de novo.  *See F.B.T. Productions, LLC v. Aftermath* Records, 621 F.3d 958, 962–64 (9th Cir. 2010).

The WDEA provides that a discharge is wrongful only if:

(a) it was in retaliation for the employee's refusal to violate public policy or for reporting a violation of public policy;

(b) the discharge was not for good cause and the employee had completed the probationary period of employment; or

(c) the employer violated the express provisions of its own written personnel policy.

Mont. Code Ann. § 39-2-904(1).

Although § 904 sets forth three bases for a claim for wrongful discharge, the Department argues that the District Court's grant of summary judgment as to Sleath's claim pursuant to § 904(b) meant that her discharge was for good cause and could not have been the result of retaliation or failure to follow policies.  This argument is not persuasive.

The Department has failed to show that this is Montana law.  Rather, the Montana Supreme Court has held that the WDEA "provides three bases upon

---

[1]     The Department did not file a motion after trial pursuant to Federal Rule of Civil Procedure 50(b), and accordingly limits the issues it raises on appeal to legal issues.  *See Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014); *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404 (2006).

which a terminated employee may bring a claim for wrongful discharge," *Motarie v. Northerne Montana Joint Refuse Disposal District*, 274 Mont. 239, 243 (1995), and stated that "[t]he clear and unambiguous language of the statute provides that proof of any one of the three elements will support a wrongful discharge action." *Krebs v. Ryan Oldsmobile*, 255 Mont. 291, 295 (1992); *see also Ritchie v. Town of Ennis*, 320 Mont. 94, 100 (2004) (noting that it had "repeatedly considered the WDEA as providing for three separate causes of action"). The Department's preclusion argument is contrary to the Montana Supreme Court's determination that § 904 provides for three separate causes of action and that "any one of the three elements will support a wrongful discharge action." Therefore, the District Court properly held that its grant of summary judgment in regard to Sleath's claim under § 904(b) was not a bar to Sleath presenting her claims of retaliation and failure to follow policies under § 904(a) and (c) to the jury.

**2.** Challenges to the formulation of the jury instructions are reviewed for abuse of discretion, but assertions that the instructions misstate the law are reviewed de novo. *Chess v. Dovey*, 790 F.3d 961, 970 (9th Cir. 2015)*; Bird v. Lewis & Clark Coll.*, 303 F.3d 1015, 1022 (9th Cir. 2002).

The Department's challenges to the jury instructions in this case are also not persuasive. First, the Department failed to object to Instruction 12, which

4

indicated that it was wrongful to discharge an employee in retaliation for her "refusal to violate a public policy or for reporting a violation of public policy," but did not specify what particular public policy was in issue. Thus, the Department failed to preserve the issue. Moreover, the Department's underlying substantive argument is not persuasive because the cited Montana cases discuss whether the particular statutes raised in those cases set forth public policies, but do not hold that a specific statute or policy needs to be included in a jury instruction. Nor was the Department under any misapprehension, as it admits that Sleath had identified the particular statutes and regulations she had in mind. In sum, the Department has failed to show that it is entitled to any relief based on its challenges to the jury instructions.

The District Court's judgment in favor of Sleath is **AFFIRMED**.