No. 03-480

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 164N

PETER V. SMILDE,

   Plaintiff and Appellant,

  v.

GERTRUDE W. JORDAN, Acting Director, Illinois
Department of Employment Security; and JUDY B.
TOPINKA, Treasurer, State of Illinois,

   Defendants and Respondents.

APPEAL FROM:  District Court of the Fourth Judicial District,
       In and For the County of Missoula, Cause No. DV 2003-125,
       Honorable John S. Henson, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Peter V. Smilde, *pro se*, Helena, Montana

   For Respondents:

     Peter J. Stokstad, Garlington, Lohn and Robinson, Missoula, Montana

        Submitted on Briefs: February 17, 2004

           Decided: June 22, 2004

Filed:

            Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Peter V. Smilde appeals from the order entered on May 15, 2003, by the Fourth Judicial District Court, Missoula County, granting the motion to dismiss for lack of personal jurisdiction submitted by Gertrude W. Jordan, Acting Director, Illinois Department of Employment Security, and Judy B. Topinka, Illinois State Treasurer (collectively, Respondents).

¶3     The determination that the District Court has no personal jurisdiction is a conclusion of law, and we review a district court's conclusions of law to determine whether the court's interpretation of the law is correct. *Herrmann v. Wolf Point School Dist.*, 2004 MT 10, ¶ 9, 319 Mont. 231, ¶ 9, 84 P.3d 20, ¶ 9 (citations omitted).

¶4     Smilde filed a complaint in the District Court seeking payment of unemployment benefits from the State of Illinois allegedly due to him. He argues that he is owed payments for several intermittent periods between March 3, 2001, and March 16, 2002. Though it is unclear when Smilde moved to Montana, he claims to have been a Montana resident as early as 1988. A dispute as to what level of benefits the State of Illinois owed him arose either in

2

late February 2001, or in March 2001. That dispute was never resolved to Smilde's satisfaction by the courts of Illinois, which led to this action in Montana.

¶5 Smilde alleges that the payments he is owed were negligently withheld and, separately, that Respondents misrepresented, while he was living in Montana, that the payments would be made to him. Respondents filed a motion to dismiss, arguing that Montana lacked personal jurisdiction over Respondents. The District Court granted the motion, adopting Respondents' reasoning.

¶6 On appeal, Smilde argues that sufficient minimum contacts exist between Illinois and Montana such that Montana may exercise personal jurisdiction over Respondents as Illinois officials. Specifically, he argues that the alleged misrepresentation committed by Respondents is an intentional tort and that it accrued in Montana, thereby giving Montana personal jurisdiction over them. Moreover, Smilde alleges that Respondents conducted business in Montana by mailing a certificate of entitlement of benefits to him in Montana and by requiring him to make bi-weekly reports to the Illinois Department of Employment Security (IDES) from Montana over the telephone. Finally, Smilde contends that the District Court abused its discretion in dismissing his complaint by failing to view the alleged facts in the light most favorable to him and by uncritically accepting Respondents' reasoning.

¶7 Respondents argue that Smilde made a unilateral decision to move from Illinois to Montana and that this is the only reason Respondents had any connection to Montana. They argue that any alleged tort accrued in Illinois, as the misrepresentations alleged by Smilde occurred while he was still in Illinois or during telephone conversations that he initiated to

Illinois. Respondents maintain that the contacts alleged by Smilde–his telephone calls to IDES from Montana and his receipt of unemployment checks–are insufficient to establish personal jurisdiction over them in Montana. Respondents also argue that concerns of comity should prevent Montana from exercising jurisdiction over its sister state since the alleged contacts here are so minute.

¶8 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the legal issues raised by the pleadings are clearly controlled by settled Montana law which the District Court correctly interpreted. We agree with the District Court that it lacked personal jurisdiction over Respondents, and we need not reach the issue of comity.

¶9 We affirm the judgment of the District Court.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ JIM REGNIER

4